State v. White

———————

STATE OF NORTH CAROLINA v. CHARLES LEE WHITE

No. 8311SC981

(Filed 5 June 1984)

1. **Searches and Seizures § 24— affidavit for search warrant—confidential informants**

   A magistrate properly issued a warrant to search defendant's premises for shotguns used in a robbery on the basis of an officer's affidavit that a confidential informant who had previously given him information leading to five or more convictions had told him that the informant heard defendant and another person discussing a certain armed robbery, observed money taken in the robbery, and observed at the premises to be searched within the previous 24 hours a sawed-off shotgun and a .410 shotgun used in the robbery.

**2. Arrest and Bail § 3.6— probable cause to arrest for armed robbery**

Officers had probable cause to believe that defendant had committed a *felony and thus could arrest defendant without a warrant where they had been* told by an informant that the informant had heard defendant and another person discussing a certain armed robbery. G.S. 15A-401(b)(2)(a).

**3. Criminal Law § 75— confession of black defendant—arrest by white officers— only one officer in interrogation room**

The confession of a black defendant was not rendered involuntary by the fact that he was arrested by four white police officers or by the fact that only one officer was in the interrogation room with defendant.

**4. Criminal Law § 138.1— more lenient sentence to codefendant**

The trial court did not abuse its discretion in imposing a more severe sentence upon defendant than the sentence imposed upon a codefendant tried for the same crime two months earlier even though the codefendant may have been more culpable in committing the crime than defendant, the trial court found the same aggravating factor as to each defendant, and the trial court found a mitigating factor for the defendant which it did not find for the codefendant.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 17 May 1983 in Superior Court, LEE County. Heard in the Court of Appeals 14 March 1984.

The defendant was tried for armed robbery. Prior to the trial, a hearing was held on a motion by the defendant to suppress evidence seized in a search. The evidence at the *voir dire* hearing showed that C. A. Stone, a detective with the City of Sanford Police Department, applied for a warrant to search certain premises at 320 Price Street in Sanford. In his affidavit, he stated that a sawed-off shotgun and a .410-gauge shotgun constituted evidence of a crime and the identity of a person who had committed a crime. He stated further that a confidential informant who had proven himself reliable in the past by providing information leading to five or more arrests and convictions had told him that during the previous evening he had heard Ricky Goldston and Charles White discussing the armed robbery at the Burger Mint, that he observed money that was taken in the robbery, and had observed on the premises to be searched within the previous 24 hours the sawed-off shotgun and the .410 shotgun. The magistrate issued the search warrant. The court found facts based on this evidence and overruled the defendant's motion to suppress the admission of the two shotguns into evidence.

At the trial of the case, witnesses for the State testified as to the robbery of the Burger Mint on Wicker Street in Sanford, North Carolina. Terry Klomparens testified that he is a detective in the City of Sanford Police Department. The defendant moved to suppress testimony by Detective Klomparens as to any statement the defendant made to him. A *voir dire* hearing out of the presence of the jury was held and Detective Klomparens testified that he went to 320 Price Street in Sanford to execute a search warrant, that he found the defendant at this address and placed him under arrest for the robbery, that the defendant was fully advised of his right to have an attorney and his right to remain silent. Mr. Klomparens testified further that he carried the defendant to the Sanford Police Department where he was again advised of his rights. After the defendant had been advised of his rights at the police department, he waived his rights and confessed to the robbery. The defendant testified that he confessed as a result of the coercion of the police officers. The court made findings of fact consistent with the State's evidence and ordered the confession admitted into evidence.

The defendant was convicted of armed robbery and was sentenced to 25 years in prison. He appealed.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Harrington and Gilleland, by Robert B. Gilleland, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the admission into evidence of the two shotguns found in the search of the premises at 320 Price Street. Assuming the defendant had standing to challenge the legality of the search, we hold this assignment of error is without merit. In *Illinois v. Gates,* --- U.S. ---, ---, 103 S.Ct. 2317, 2332, 76 L.Ed. 2d 527, 548, *reh'g denied,* --- U.S. ---, 104 S.Ct. 33, 77 L.Ed. 2d 1453 (1983), the United States Supreme Court formulated a new test to judge the proper issuance of a search warrant. The Court said:

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circum-

stances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed. (Citations omitted.)"

Whether we apply this test or the two-pronged test of *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969), we cannot hold the magistrate was in error in issuing the search warrant. The affidavit of Detective Stone stated he had received information from an informant who had previously given him information leading to five or more convictions. This established the reliability of the informant. He stated the informant told him he had heard the defendant and another person discussing the robbery and had seen at 320 Price Street the weapons used in the robbery. We believe the magistrate could conclude from this that there was probable cause that the defendant and his companion had told the informant about the robbery and showed him the guns used in it. We believe it establishes the fact that the informant spoke with personal knowledge. This satisfies the second prong of *Spinelli*. We also believe the magistrate could rely on the veracity and basis of knowledge of the informant to reach a common sense conclusion that there was a fair probability that the shotguns were evidence of a crime and they were located at 320 Price Street. We believe we must hold that the magistrate had a substantial basis for concluding that probable cause existed.

[2] In his second assignment of error, the defendant argues his confession should have been excluded. He says this is so because (1) he made the confession while he was under illegal arrest and (2) the confession was involuntary. As to his claim that he was under illegal arrest, he contends the officers had no right to arrest him without an arrest warrant. G.S. 15A-401(b)(2)(a) provides:

Offense Out of Presence of Officer. — An officer may arrest without a warrant any person who the officer has probable cause to believe:

a. Has committed a felony . . . .

When the officers went to 320 Price Street, they knew that an informant had told one of them that he had heard defendant discuss

the robbery. We believe this gave them probable cause to believe defendant had committed a felony and they could arrest him without a warrant.

[3] The defendant argues the confession was involuntary because he is a black man who was arrested by four white police officers, handcuffed and taken to police headquarters where he was alone in the interrogation room with Detective Klomparens when he was interrogated. The officers testified that no threats were made to the defendant and that he signed a written waiver of his rights before confessing. The defendant testified that he was threatened before he confessed. The court found facts based on the officers' testimony and we are bound by these findings of fact. The fact that the officers are white and the defendant is black and the fact that only one officer may have been in the interrogation room with the defendant does not make the confession involuntary. The defendant's second assignment of error is overruled.

The defendant argues under his third assignment of error that his motion to dismiss at the close of the evidence and his motion for appropriate relief should have been allowed. This argument is based on the premise that the confession was erroneously admitted and that it was error to admit the shotguns into evidence. This assignment of error is overruled.

[4] The defendant's last assignment of error is to the sentence imposed. He argues that his codefendant Ricky Goldston who was tried two months previously was more culpable in committing the robbery than was the defendant, that the court found the same aggravating factor as to each defendant, and found a mitigating factor for the defendant which it did not find for Ricky Goldston. The defendant received a sentence of 25 years and Ricky Goldston received a sentence of 17 years. The defendant argues that this disparity in sentencing amounts to an abuse of discretion by the court. The defendant's sentence was within the statutory maximum. We do not believe the factors cited by the defendant show an abuse of discretion by the court. *See State v. Harris*, 27 N.C. App. 385, 219 S.E. 2d 306 (1975).

No error.

Judges BECTON and EAGLES concur.