STATE OF NORTH CAROLINA v. HARVEY LEE MOXLEY AND BOBBY JOE
MOXLEY

No. 8523SC321

(Filed 31 December 1985)

1. Constitutional Law § 63— death qualification of jury

The trial court did not err in permitting a murder case to be tried capital-
ly and in permitting death qualification of the jury.

2. Criminal Law § 165— prosecutor's jury argument—failure to object

Defendants could not complain of alleged errors in the prosecutor's final
argument where neither defendant lodged any objections at trial during this
argument, and the prosecutor's reference to impeachment evidence as substan-
tive evidence did not constitute prejudicial error.

3. Criminal Law § 113.7— acting in concert—burden of proof on self-defense—in-
struction proper

The trial court's instruction on acting in concert in a homicide case did not
shift or reduce the State's burden of proof on self-defense.

4. Criminal Law § 113.7— acting in concert—instruction proper

Evidence in a prosecution for homicide was sufficient to support an in-
struction on "acting in concert" where it tended to show that one defendant
and the victim were involved in an incident wherein defendant was cut with an
object across his arm; after defendant was cut and tending to his wound, the
other defendant approached the victim, reached in his back pocket and made
stabbing or slashing motions at the victim; the victim went to the ground and
was kicked by the unhurt defendant while he was down; and both defendants
then continued to kick the victim while he was down.

5. Homicide § 31.6— voluntary manslaughter—severity of sentence

The trial court did not abuse its discretion in sentencing defendant, who
was convicted of voluntary manslaughter, to a term of 15 years imprisonment
where the trial judge found one aggravating factor and five mitigating factors
and sentenced him to 9 years beyond the presumptive term, since a trial judge
need not justify the weight he attaches to any factor and may properly deter-
mine that one factor in aggravation outweighs more than one factor in mitiga-
tion and vice versa.

---

State v. Moxley

---

6. **Homicide § 21.9— defendant as aggressor—use of excessive force—sufficiency of evidence**

Evidence in a homicide prosecution was sufficient to go to the jury on the question of whether defendant was the aggressor or whether he used excessive force where there was testimony from at least two witnesses that defendant reached into his back pocket, that defendant made striking or slashing motions at or toward the victim, that the victim went down, and that defendant kicked him while he was down.

7. **Homicide § 15— appearance of victim—evidence admissible**

There was no merit to defendant's contention in a homicide prosecution that evidence regarding the victim's physical appearance at the scene and in the hospital was irrelevant, inflammatory and constituted prejudicial error; furthermore, defendant waived his objection to the evidence when similar evidence was admitted without objection.

8. **Criminal Law § 46.1— flight by defendant—instruction proper**

The trial court properly instructed on flight of defendant where the evidence tended to show that both defendants went to a nearby town soon after the incident occurred and remained there continually for two and one-half weeks until the police located them there.

9. **Homicide § 31.6— voluntary manslaughter—sentence—prior criminal record as aggravating factor**

The trial court did not err in considering defendant's prior criminal record as an aggravating factor, and there was no merit to defendant's contention that the court should not have considered a prior murder conviction on 6 June 1972 because it was so old.

Judge BECTON concurring in the result.

APPEAL by defendants from *Pope, Judge.* Judgment entered 15 August 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 21 October 1985.

Defendants were charged in proper bills of indictment with the murder of James Richard Ferguson. The cases were consolidated for trial, and defendants were found guilty of voluntary manslaughter. Harvey Lee Moxley was sentenced to fifteen (15) years imprisonment; Bobby Joe Moxley was sentenced to twenty (20) years imprisonment. Defendants appealed.

*Attorney General Thornburg by Charles H. Hobgood, Assistant Attorney General, for the State.*

*Appellate Defender Stein, by Louis D. Bilionis, Assistant Appellate Defender, for Harvey Lee Moxley, defendant appellant.*

*Paul W. Freeman, Jr., for Bobby Joe Moxley, defendant appellant.*

PARKER, Judge.

I

Common Issues

1.  Death Qualification of Jurors

[1]   Defendants contend the court erred in permitting the case to be tried capitally and in permitting death qualification of the jury where the evidence was insufficient to obtain either a murder conviction or the death penalty. We disagree.

Prior to trial, both defendants filed motions for a pretrial hearing to determine the existence of aggravating circumstances as set forth in G.S. 15A-2000(e)(9) as establishing a basis for the imposition of the death penalty. Both motions were denied by Judge Pope. Defendants contend the denial of their motions violated their right to a fair trial. Our Supreme Court, in *State v. Murray*, 310 N.C. 541, 544-45, 313 S.E. 2d 523, 527 (1984), addressed a similar argument as follows:

> [T]he defendant contends that the procedure of "death qualifying" the jury in the guilt-innocence phase of his trial deprived him of his right to a fair trial. Although the defendant received a life sentence in this case, his trial began as a capital case and the jury was selected pursuant to G.S. 15A-2000 (a)(2). The defendant maintains that the procedure of death qualifying a jury results in a guilt prone jury. We have found this argument to be without merit on numerous occasions, and we now reaffirm our previous holdings (citations omitted).

The assignment of error is overruled.

2.  Improper Closing Arguments by Prosecution

[2]   Defendants contend the prosecutor's final argument violated their right to a fair trial because he (i) urged the jury to use as substantive evidence testimony that was only admitted for impeachment purposes, (ii) misstated a critical fact and (iii) unfairly cast improper aspersions on the character of the defendant. Both defendants candidly admit in their briefs that neither lodged any objections at trial during this argument. Although we agree it was improper for the State to allude to this testimony as substan-

tive evidence during closing argument when it was not offered for that purpose, *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980), when reviewed in the context in which it was made, use of this evidence did not constitute prejudicial error. The judge called the prosecutor to the bench on her own motion after this erroneous statement was made, and the prosecutor made no further reference to this impeachment testimony. In the absence of an objection, the remaining two alleged errors in the prosecutor's final argument "did not amount to such gross impropriety as to require the trial judge to act *ex mero motu* . . . ." *State v. Oliver*, 309 N.C. 326, 359, 307 S.E. 2d 304, 324 (1983). The assignment of error is overruled.

### 3. "Acting in Concert" Instruction

The criminal charges against defendants arose out of an incident involving both defendants and James Ferguson that occurred outside an apartment complex in North Wilkesboro on 3 June 1983. Ferguson, who was sixty (60) years old, was beaten and kicked about the head. Ferguson died on 16 December 1983 of complications resulting from injury to the brain he received in this incident. Warrants were issued charging defendants with murder on account of Ferguson's death.

[3] The trial court instructed the jury on acting in concert which was taken verbatim from the North Carolina Pattern Jury Instructions — Criminal 202.10. Defendants contend this instruction was error as it effectively undermined (i) Harvey Lee Moxley's claim of self-defense and (ii) Bobby Joe Moxley's claim of defense of a family member. The thrust of this argument is that because a claim of self-defense depends upon the individual defendant's own perceptions and beliefs as to the necessity of the force used, and the reasonableness of those perceptions and beliefs, *State v. Herbin*, 298 N.C. 441, 259 S.E. 2d 263 (1979), an instruction on "acting in concert" given in conjunction with a claim of self-defense or defense of others impermissibly shifts the burden of proof away from the State and onto the defendant in violation of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975). A similar argument was rejected by our Supreme Court in *State v. Boykin*, 310 N.C. 118, 310 S.E. 2d 315 (1984). In addition, the trial court herein clearly instructed the jury that: "The State has the burden of proving from the evidence beyond a reasonable doubt

that the defendant did not act in self-defense." Thus, when viewed contextually as we are required to do, *State v. Griffin*, 308 N.C. 303, 302 S.E. 2d 447 (1983), the instruction on acting in concert did not shift or reduce the State's burden of proof on self-defense.

[4] Defendants further contend that there was no factual basis for giving this instruction. To support an instruction on acting in concert, the State must present sufficient evidence that two or more persons acted together with a common plan or purpose to commit a crime. *State v. Forney*, 310 N.C. 126, 310 S.E. 2d 20 (1984). The State presented evidence which tended to show that Harvey Lee Moxley and Ferguson were involved in an incident wherein Harvey got cut with an object across his arm. After Harvey was cut and tending to his wound, Bobby Joe Moxley approached Ferguson, reached in his back pocket and made stabbing or slashing motions at Ferguson. Ferguson went to the ground, and Bobby kicked Ferguson a few times while he was down. There was testimony that both defendants continued to kick Ferguson while he was down. We hold this was sufficient evidence to support an instruction on "acting in concert." The assignment of error is overruled.

## II

### Defendant Harvey Lee Moxley

[5] In his final assignment of error, defendant Harvey Lee Moxley contends the court abused its discretion in sentencing him to a term of fifteen (15) years imprisonment. The trial judge found one aggravating factor and five mitigating factors and sentenced him to nine (9) years beyond the presumptive term. "[A] trial judge need not justify the weight he attaches to any factor. He may properly determine that one factor in aggravation outweighs more than one factor in mitigation and vice versa," *State v. Ahearn*, 307 N.C. 584, 597, 300 S.E. 2d 689, 697 (1983), and "[t]he balance struck by the trial judge will not be disturbed if there is support in the record for his determination." *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). In *State v. White*, 68 N.C. App. 671, 316 S.E. 2d 112 (1984), a contention similar to defendant's that because he did not receive a sentence substantially less than Bobby Moxley constituted an abuse of discretion was rejected by this Court. The assignment of error is overruled.

### III

### Defendant Bobby Joe Moxley

1.  Motion to Dismiss

[6]   Defendant contends the court erred in denying his motion to dismiss all charges on the ground that there was no evidence that he was the aggressor or used excessive force. At least two witnesses, Steve Brown and Diane Barnett, testified that Ferguson was backing away from defendant, that defendant reached into his back pocket, that defendant made striking or slashing motions at or toward Ferguson, that Ferguson went down, and that defendant kicked him while he was down. We hold this evidence was sufficient to go to the jury on the question of whether or not defendant was the aggressor or whether he used excessive force. *See State v. Jones*, 299 N.C. 103, 261 S.E. 2d 1 (1980).

2.  Evidence of Decedent's Appearance

[7]   Next, defendant contends that evidence regarding Ferguson's physical appearance at the scene and in the hospital was irrelevant, inflammatory and constituted prejudicial error. Similar evidence was admitted without objection; when a defendant objects to the admission of evidence but similar evidence is later admitted without objection, defendant waives his objection. *State v. Tysor*, 307 N.C. 679, 300 S.E. 2d 366 (1983). This evidence was relevant under G.S. 8C-1, Rule 401 on the issue of excessive force, was not prejudicial under G.S. 8C-1, Rule 403, and was not inflammatory under our old rules. *See State v. Lewis*, 58 N.C. App. 348, 293 S.E. 2d 638, *cert. denied*, 311 N.C. 766, 321 S.E. 2d 152 (1984). (The admission of two human skulls into evidence was not inflammatory.)

3.  Instruction on Flight

[8]   Defendant argues there was no factual basis for giving an instruction on flight as contained in the North Carolina Pattern Instructions—Criminal 104.35. The State's evidence tended to show that both defendants went to Winston-Salem soon after this incident occurred, and remained there continually for two and one-half weeks until the police located them there. As stated by our Supreme Court in *State v. Irick*, 291 N.C. 480, 494, 231 S.E. 2d 833, 842 (1977):

> So long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper.

The assignment of error is overruled.

4. Sentencing

[9] Finally, defendant contends the court incorrectly considered his prior criminal record as an aggravating factor and abused its discretion by imposing the maximum sentence allowed by statute. Defendant contends the court should not have considered a prior murder conviction on 6 June 1972 because it was so old. This argument is without merit because G.S. 15A-1340.4(a)(1)(O) imposes no time limitations on the use of prior convictions as aggravating factors. Although defendant attempts to argue the constitutionality of this statute in his brief, it is well-established that appellate courts will decline to rule upon constitutional questions when they were not argued or passed upon at the trial level. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982). Defendant has wholly failed to show that the court abused its discretion by imposing the maximum sentence allowed by statute under the facts of this particular case.

The defendants herein received a fair trial, free from prejudicial error.

No error.

Chief Judge HEDRICK concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Although my intuitive convictions — that a death-qualified jury is more prone to convict than a non-death-qualified jury and fails to represent a fair cross-section of the community — have been verified based on methodologically sound sociological studies and surveys as well as expert testimony, *see Grigsby v. Mabry*,

758 F. 2d 226 (8th Cir. 1985) (en banc), *petition for cert. granted sub nom. Lockhart v. McCree*, --- U.S. ---, 88 L.Ed. 2d 48, 106 S.Ct. 59 (7 October 1985), I am compelled to concur in the result. I do so, however, solely because our Supreme Court has consistently upheld the death qualification process utilized in this case. *See, e.g., State v. Young*, 312 N.C. 669, 325 S.E. 2d 181 (1985); *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984).