STATE OF NORTH CAROLINA v. LINWOOD ROGER RIGGS

No. 893SC1232

(Filed 21 August 1990)

1. **Indictment and Warrant § 17.2 (NCI3d) — breaking or entering motor vehicle — indictment — variance in date — not prejudicial**

    The trial court did not err by failing to dismiss an indictment for breaking or entering a motor vehicle and felonious larceny because the indictment listed the date of the offenses as 17 May 1989 and the state's evidence at trial established that the offenses occurred on 15 May 1989. Defendant's evidence showed that he did not participate in the crimes and the variance in the date was not prejudicial. Furthermore, the fact that the date listed on the arrest warrant differed from that charged by the indictment is of no relevance to the question of whether defendant was harmed by the time variance.

    **Am Jur 2d, Indictments and Informations §§ 115, 261, 262.**

2. **Criminal Law § 91 (NCI4th) — breaking or entering motor vehicle and larceny — no probable cause hearing — indictment — no error**

    There was no error in a prosecution for breaking or entering a motor vehicle and felonious larceny where no probable cause hearing was held during defendant's confinement because the law is well settled that there is no necessity for a preliminary hearing after a grand jury returns a bill of indictment.

    **Am Jur 2d, Criminal Law § 412.**

STATE v. RIGGS

[100 N.C. App. 149 (1990)]

3. **Larceny § 6.1 (NCI3d) — felonious larceny — value of stolen items**

There was no error in a prosecution for felonious larceny in the admission of testimony about the value of stolen wine where defendant elicited further testimony about the wine's value on cross-examination and himself introduced evidence sufficient for the jury to convict him of felonious larceny.

**Am Jur 2d, Larceny §§ 45, 46, 159.**

4. **Burglary and Unlawful Breakings § 126 (NCI4th) — breaking or entering motor vehicle — evidence sufficient**

The evidence of breaking or entering a motor vehicle was sufficient to withstand defendant's motion to dismiss where a witness testified that she saw defendant walk toward a truck with two others; she subsequently heard a loud noise; defendant and the two others returned carrying boxes of wine; the padlock to the trailer and the wine were discovered to be missing the next morning; and neither defendant nor anyone else had authority to enter the truck and remove the wine. N.C.G.S. § 14-56.

**Am Jur 2d, Burglary §§ 45, 50.**

5. **Criminal Law § 1186 (NCI4th) — aggravating factor — prior convictions twenty years old**

The trial court did not abuse its discretion when sentencing defendant for breaking or entering a motor vehicle and felonious larceny by finding that the aggravating factors outweighed the mitigating factors and sentencing defendant to maximum terms where the aggravating factors were unrelated convictions occurring 20 years in the past. N.C.G.S. § 15A-1340.4(a)(1)o sets no time limit governing prior convictions considered as aggravating factors.

**Am Jur 2d, Criminal Law § 599.**

6. **Criminal Law § 1014 (NCI4th) — breaking or entering motor vehicle and felonious larceny — newly discovered evidence — new trial denied**

Defendant's motion for a new trial on charges of breaking or entering a motor vehicle and felonious larceny based on newly discovered evidence that one of two companions was the sole perpetrator was denied because it could not be said that the new evidence was probably true, the new evidence

was merely cumulative, and defendant failed to show due diligence.

**Am Jur 2d, New Trial §§ 418, 428, 445-449.**

APPEAL by defendant from judgment entered 8 August 1989 in CRAVEN County Superior Court by *Judge Joseph R. John.* Heard in the Court of Appeals 6 June 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A. Ashton, III, for defendant-appellant.*

DUNCAN, Judge.

Defendant-appellant, Linwood Roger Riggs, appeals his convictions of breaking or entering into a motor vehicle and felonious larceny. The judge sentenced defendant to five-years imprisonment for the felonious breaking-or-entering conviction and to a consecutive ten-year term for the larceny offense. In addition to this appeal, defendant petitions this court for appropriate relief on the ground of newly-discovered evidence. We find no error in the trial of defendant's case, and we deny the Motion for Appropriate Relief.

I

The State presented evidence showing that on Monday, 15 May 1989, a truck owned by East Carolina Distributing Company was parked outside the company's warehouse. The truck contained wine that was to be shipped to Raleigh, North Carolina, the following Wednesday. Employees arriving at work on the morning of 16 May noticed that a padlock had been broken off the rear door of the truck. Approximately 24 cases of wine were missing from the vehicle. Following an investigation by the New Bern Police Department, defendant was arrested for the crime along with Jose Seijo ("Seijo") and James Bolton ("Bolton"). Two women, Cynthia Ann Marker ("Marker") and Donna Chambers, who were in the company of defendant, Seijo, and Bolton at the time of the break in, were not charged.

At trial, Marker testified that on the night of 15 May she heard Riggs, Seijo, and Bolton discuss breaking into the truck. Marker and Donna Chambers told the three they did not want

to participate and walked across the street. After one of them picked up a metal object, defendant, Seijo, and Bolton walked toward the truck. Marker then heard a loud noise. Defendant, Seijo, and Bolton then walked back toward the street, carrying with them some wine and some boxes.

Defendant's evidence, which consisted of Seijo's testimony, showed that defendant did not participate in the break in.

Seijo testified that Bolton, after unsuccessfully attempting to persuade Seijo to help, went to the Distributing Company. Later that evening, Bolton came with a case of wine to defendant's sister's apartment. Seijo then helped Bolton carry away more wine that was hidden behind a rock, and defendant purchased one of the cases for his nephew.

The jury returned guilty verdicts on both counts. At the sentencing hearing, defendant's prior criminal convictions were found as the only aggravating factors. These prior convictions had occurred more than 20 years in defendant's past. The judge found that the aggravating factors outweighed the mitigating factors of defendant's intoxication at the time of the crimes, and he imposed the maximum sentence on each count.

Additional facts will be set out below.

II

[1] Defendant first assigns as error the trial judge's failure to dismiss the indictment because it listed the date of the offenses as 17 May 1989, although the State's evidence at trial established that the offenses occurred on 15 May 1989. Defendant adds that because one of the offenses charged in the indictment (breaking and entering into a motor vehicle) differed from that named in the arrest warrant (breaking and entering a building), specifying the time the offenses occurred was "more of the essence."

As defendant ackowledges, it is well established "that variance between allegation and proof as to time is not material where no statute of limitations is involved." *State v. Trippe*, 222 N.C. 600, 601, 24 S.E.2d 340, 341 (1943) (citations omitted); N.C. Gen. Stat. § 15-155 (1983). Our inquiry is whether, because of the variance, defendant was misled and thus deprived of an opportunity to present his defense. *See State v. Ramey*, 318 N.C. 457, 472, 349 S.E.2d 566, 575 (1986). We see no such deprivation. Seijo testified that

on 15 May 1989 — the time of the offense as shown by the evidence — Bolton, and not defendant, broke into the truck and removed the cases of wine. Defendant's evidence, therefore, showed that he did not participate in the crimes and, had this evidence been believed by the jury, would have entitled defendant to acquittal. We fail to see, therefore, how the variance between the date listed on the indictment and the time of the offense as proved at trial was in any way prejudicial to defendant.

Furthermore, the fact that the offense listed on the arrest warrant differed from that charged by the indictment is of no relevance to the question whether defendant was harmed by the time variance. An arrest warrant issues upon probable cause that an offense has been committed and that the person to be arrested was the perpetrator. *State v. Martin*, 315 N.C. 667, 676, 340 S.E.2d 326, 331 (1986) (citation omitted). This does not mean, however, that a subsequent indictment must necessarily flow from or be framed within the allegations of the arrest warrant. When a defendant is tried upon an indictment, for example, the validity of the arrest warrant has no effect upon the trial court's jurisdiction over the subject of the indictment. *See State v. Moorefield*, 33 N.C. App. 37, 42, 234 S.E.2d 25, 27, *disc. review denied and appeal dismissed*, 292 N.C. 733, 236 S.E.2d 702 (1977). That the warrant listed a different charge from that subsequently returned in the indictment did not require, therefore, that the judge dismiss the latter. Thus, the focus of our inquiry remains the variance between the date of the offense listed on the indictment and the proof adduced at trial. Having held that defendant was not deprived of his opportunity to defend himself, we overrule this assignment of error.

III

[2] Defendant next contends that error was committed because no probable cause hearing was held during his confinement. Once again, he argues that the alleged error was compounded by the variations involving the charge and date of the offenses. The law is well settled that there is no necessity for a preliminary hearing after a grand jury returns a bill of indictment. *See State v. Hudson*, 295 N.C. 427, 431, 245 S.E.2d 686, 689 (1978). The function of a preliminary hearing is to determine whether probable cause exists to believe that a crime has been committed by the defendant. *Id.* at 430, 245 S.E.2d at 689. That same purpose is served when

a grand jury determines the existence of probable cause and returns an indictment. *See id.* at 430-31, 245 S.E.2d at 689. Once an indictment has been handed down, moreover, jurisdiction over the matter lies in the superior court, and no probable cause hearing may then be held in district court. *See State v. Vaughn*, 296 N.C. 167, 171, 250 S.E.2d 210, 213 (1978), *cert. denied*, 441 U.S. 935, 60 L.Ed. 2d 665 (1979) (citations omitted).

Once he was indicted, the superior court was empowered to try defendant on the charges, and defendant was not entitled to have the indictment dismissed because he had not been given a preliminary hearing. We overrule this assignment of error.

IV

[3]   By his third assignment of error defendant asserts that the trial judge erred by allowing Benjamin Stone, an employee of East Carolina Distributing, to testify about the value of the stolen wine. Assuming, *arguendo*, that error occurred when the judge allowed this testimony during direct examination, defendant, on cross-examination, elicited further testimony from Stone about the wine's value. At defendant's request, in fact, Mr. Stone brought to court an invoice showing that value. This invoice was admitted in evidence as Defendant's Exhibit B, and, at defendant's request, Mr. Stone read the price of the wine from the invoice. Thus, defendant himself introduced evidence sufficient for the jury to convict him of felonious larceny. We overrule this assignment of error.

V

[4]   Defendant alleges by his fourth assignment of error that the trial judge erred by failing to dismiss the breaking and entering charge at the close of all the evidence, and again erred by failing to set aside the verdict convicting him of that offense.

On a motion to dismiss, all evidence must be considered in a light most favorable to the State. *E.g., State v. James*, 321 N.C. 676, 686, 365 S.E.2d 579, 586 (1988). Discrepancies and contradictions are for resolution by the jury, and the State is given the benefit of every reasonable inference of fact. *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E.2d 822, 826 (1977) (citations omitted); *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). The trial judge must decide whether there exists substantial evidence of each element of the offense charged. *Brown*, 310 N.C. at 566, 313 S.E.2d at 587. Our review of the record reveals that the trial

judge properly ruled that the evidence submitted by the State was sufficient to withstand defendant's motion to dismiss.

Proving the crime of breaking or entering into a motor vehicle requires a showing of 1) a breaking or entering 2) without consent 3) into any motor vehicle 4) containing goods, freight, or anything of value 5) with the intent to commit any felony or larceny therein. N.C. Gen. Stat. § 14-56 (1986). Marker testified that she saw defendant, along with Seijo and Bolton, walk toward the truck. After that, she heard a loud noise (a "pow"). Defendant, Seijo, and Bolton then emerged carrying boxes of wine. Benjamin Stone testified that, the next morning, the padlock to the tractor-trailer was missing and, when the truck was opened, wine was discovered missing. He further testified that neither defendant nor anyone else had authority to enter the truck and remove the wine. In a light most favorable to the State, this evidence was sufficient to show each of the elements of the crime charged, and that defendant actively participated in the breaking and entering.

Having held that the evidence was sufficient to allow the jury to decide the question of defendant's guilt for breaking and entering, we find no abuse of discretion in the judge's refusal to set aside the verdict. *See, generally, Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). We overrule this assignment of error.

## VI

[5] Defendant next asserts that the trial judge erred when he imposed maximum terms after finding, as aggravating factors, unrelated convictions which had occurred 20 years in the past. Defendant argues that the judge erred further by finding that these aggravating factors outweighed the mitigating factors.

N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) (1988) sets no time limit governing which of a defendant's prior convictions may be considered as aggravating factors by the trial judge. *See State v. Lane*, 77 N.C. App. 741, 744, 336 S.E.2d 410, 412 (1985); *State v. Moxley*, 78 N.C. App. 551, 557, 338 S.E.2d 122, 125 (1985), *disc. review denied*, 316 N.C. 384, 342 S.E.2d 904 (1986). Moreover, a trial judge "may properly determine that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *Moxley*, 78 N.C. App. at 555, 338 S.E.2d at 124-25 (citation and internal

punctuation omitted). The trial judge acted within his discretion. We find no error.

## VII

[6] Finally, defendant has moved for a new trial on the ground of newly-discovered evidence. This evidence stems from Bolton's testimony at his own trial that Seijo was the sole perpetrator of the break in. Defendant contends that this testimony, coupled with Seijo's, would have prevented the State from carrying its burden on the breaking and entering charge.

The prerequisites for a new trial on the ground of newly-discovered evidence are these:

1. That the witness or witnesses will give newly-discovered evidence.

2. That such newly discovered evidence is probably true.

3. That it is competent, material, and relevant.

4. That due diligence was used and proper means were employed to procure the testimony at the trial.

5. That the newly discovered evidence is not merely cumulative.

6. That it does not tend only to contradict a former witness or to impeach or discredit him.

7. That it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail.

*E.g., State v. Cronin*, 299 N.C. 229, 243, 262 S.E.2d 277, 286 (1980). We cannot say, given the testimony of Marker that defendant went with Seijo and Bolton to the Distributing Company, that Bolton's evidence is probably true. Furthermore, it is merely cumulative of Seijo's testimony that defendant did not participate in the break in. The jury at a second trial would be confronted with the same task as that faced by the original jury: to believe Marker's testimony or to believe Bolton's and Seijo's. Thus, we cannot say with any degree of certainty that a different result would be reached at a second trial.

Finally, the record is silent about any effort on the part of defendant's trial lawyer to obtain Bolton's testimony. Defendant alleges in his Motion that "Trial counsel [said] that he inquired

into calling Bolton as a witness, however he was not allowed to do this at [defendant's] trial because Bolton's attorney was not available." Beyond this assertion, there is nothing in the record indicating that defendant took any action to procure Bolton's testimony. Defendant, in short, has also failed to show due diligence.

We hold that defendant received a fair trial, free from prejudicial error, and we deny defendant's Motion for Appropriate Relief.

No error.

Judges COZORT and ORR concur.