STATE OF NORTH CAROLINA v. STUART K. EUTSLER AND LAWRENCE S. MARCHIONDA

No. 794SC66

(Filed 1 May 1979)

Searches and Seizures § 23— warrant to search house—sufficiency of affidavit to show probable cause

An affidavit contained a sufficient recital of facts and underlying circumstances to constitute probable cause for issuance of a search warrant where the affidavit specifically described the residence to be searched, specified the reason for the search was to find marijuana and evidence of manufacturing marijuana, and stated that officers believed such evidence might be found because patches of marijuana were growing across the road from the described premises; a path led from the patches to the house; footprints went from the patches to the house; there were no other residences any nearer to the patches than one-quarter mile; the price tag on a box of plant food found in one patch indicated that it was purchased at the Marine Corps Exchange; and a check with the local deputy revealed that military personnel lived in the premises in question and that they were the only military personnel in the area.

APPEAL by State from *Stevens, Judge.* Order entered 11 December 1978 in Superior Court, ONSLOW County. Heard in the Court of Appeals 6 April 1979.

Defendants were charged with felonious manufacture of marijuana and felonious possession of marijuana with intent to manufacture. Defendant Marchionda was also charged with felonious possession of marijuana. Before trial, the defendants timely filed a motion to suppress the fruits of the search leading to their arrest on grounds that the affidavit portion of the search warrant was insufficient to establish probable cause. A hearing on this motion to suppress was held before Judge Stevens at the 4 December 1978 session of Onslow County Superior Court. After hearing this evidence, the trial court allowed the motion to suppress and issued a formal order suppressing the fruits of the search on 11 December 1978. From this order the State appealed.

*Attorney General Edmisten, by Associate Attorney Jane Rankin Thompson, for the State.*

*Bailey, Raynor & Erwin, by Edward G. Bailey, for the defendants.*

MARTIN (Robert M.), Judge.

The sole question for our resolution is whether the search warrant in this case was issued upon a sufficient showing to constitute probable cause to search the described premises. The State contends that probable cause was shown in the affidavit upon which the warrant was issued and the court therefore erred in allowing the defendants' motion to suppress the evidence obtained pursuant to that search warrant.

Within the meaning of N.C. Gen. Stats. §§ 15A-243 through 245 (dealing with search warrants and their issuance), probable cause may be defined as a reasonable ground to believe that the proposed search will reveal the presence, upon the premises to be searched, of the objects sought and that those objects will aid in the apprehension or conviction of the offender. *State v. Riddick,* 291 N.C. 399, 230 S.E. 2d 506 (1976); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971). Probable cause "does not mean actual and positive cause, nor does it import absolute certainty. The determination of the existence of probable cause is not concerned with the question of whether the offense charged has been committed in fact, or whether the accused is guilty or innocent, but only with whether the affiant has reasonable grounds for his belief. If the apparent facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a search warrant." *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972).

The affidavit in question specifically described the residence to be searched as an old wood frame house, the first house on the left as one turns off State paved road 1307 onto dirt road 1311. The reasons specified in the application for a search warrant for searching the premises were to find marijuana and to find evidence of manufacturing marijuana. The grounds upon which the officers believed such evidence might be found in the described household were given as follows:

Across the road from this residence is Seven marijuana patches, growing, having some (illegible) marijuana plants over six foot high. From these marijuana patches a path leads directly to the above described residence. An empty box of "Miracle-GRO" Plant food was found this date X by one of the marijuana patches. The price tag on the box indicated it was purchased from the Marine Corps Exchange. A check with the local deputy revealed that military subjects lived at this residence and that they were the only military in the immediate area. The marijuana patches starts about forty yards in front of this residence. There is not another residence besides this one for a quarter mile in any direction. Also there are footprints from the patches that go directly to this residence.

We hold the affidavit contains a sufficient recital of facts and underlying circumstances to constitute probable cause for issuance of the search warrant. See *State v. Wrenn*, 12 N.C. App. 146, 18 S.E. 2d 600 (1971), *appeal dismissed* 279 N.C. 620, 184 S.E. 2d 113, *cert. denied* 405 U.S. 1064.

Reversed.

Judges MITCHELL and WEBB concur.