STATE OF NORTH CAROLINA v. CHARLES LEONARD

No. 8722SC304

(Filed 3 November 1987)

**1. Criminal Law § 138— no written findings—minimum sentence**

There was no error in a conviction for trafficking in marijuana where the trial court entered a judgment which stated that the court made no written findings of fact because the prison term was imposed pursuant to a plea agreement. Written findings were unnecessary since defendant received the minimum sentence possible under N.C.G.S. § 90-95(h)(1)(a) (1985).

**2. Narcotics § 3.1— identification of house as defendant's residence—not prejudicial**

There was no prejudicial error in a prosecution for trafficking in marijuana from the admission of testimony identifying the residence in question as "Mr. Leonard's house," a fact not within the witness's knowledge, where the statement was made to clarify the witness's testimony regarding the geographical setting rather than in an attempt to establish ownership of the residence; the witness's lack of personal knowledge was plain from the witness's testimony as a whole, so that reliance on the statement by the jury was unlikely; and two officers both properly testified from personal knowledge that defendant resided at the house.

**3. Searches and Seizures § 13— trafficking in marijuana—search without warrant —scope of consent**

The trial court did not err in a prosecution for trafficking in marijuana by admitting testimony concerning the contents of a washtub covered by a

blanket where defendant had consented to a search of his house for an escaped convict and, while one officer testified that the escapee could not have been under the cover, another testified that the bedspread covered a large enough area for a person to hide under and that he raised it to look for the escapee. Furthermore, there was ample evidence of marijuana apart from the washtub evidence.

**4. Searches and Seizures § 23— search warrant for defendant's house—affidavit sufficient to show probable cause**

An affidavit established probable cause to issue a warrant for the search of defendant's house for marijuana where the affidavit described the place to be searched as "a wood frame house and outbuildings," included directions to the location and stated that the officer had gone to the location a half hour earlier to search for Kenneth Leonard and saw during the search a green vegetable matter that appeared to be marijuana. Although defendant contended that the affidavit described the circumstances establishing probable cause with insufficient particularity, inadequately defined the area to be searched, and failed to disclose that the affiant was capable of identifying marijuana, a trained law enforcement officer need not swear to his ability to recognize an illegal substance in order for his observation to be deemed reliable by the issuing magistrate, any areas of the house or outbuildings might reasonably be viewed as possible repositories for additional marijuana, and the officer clearly made a good faith effort to afford defendant his constitutional rights by procuring a warrant and acted under a good faith belief that his direct observations established probable cause.

**5. Narcotics § 4.3— trafficking in marijuana—evidence of possession—sufficient**

The trial court properly denied defendant's motion to dismiss charges of trafficking in marijuana and felonious possession of marijuana where there was ample evidence that the premises in which the marijuana was found were under the control of the defendant; it was not necessary for the State to establish that defendant owned or leased the premises; two officers both testified from personal knowledge that defendant had resided there for over a year; defendant was present on the premises when the marijuana was first found; defendant exercised control over the premises by granting permission to search for an escaped prisoner, by denying permission to search for marijuana, by ordering officers off the premises, and by locking the door when he left; some of the marijuana was in plain view in a room heavy with the odor of marijuana; no one other than defendant's wife was observed on the premises; defendant exercised direct control over the marijuana when he entered the room where it was located, replaced the cover over the washtub and suitcases, and ordered the officers from the room; no one was observed entering or leaving the house prior to the warrant search; and the positions of the containers were not altered.

**6. Criminal Law § 128.1— motion for a mistrial—improper testimony and inadmissible evidence—denial proper**

The trial court did not abuse its discretion in a prosecution for trafficking in marijuana by denying defendant's motion for a mistrial based on improper testimony and the introduction of improper evidence where the court in each

instance properly allowed defendant's motions to strike and directed the jury to disregard the improper evidence.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 29 October 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 24 September 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John H. Watters for the State.*

*Barnes, Grimes, and Bunce, by Jerry B. Grimes for defendant appellant.*

BECTON, Judge.

Defendant, Charles Leonard, was indicted and tried for maintaining a dwelling for the use, storage, or sale of marijuana; manufacturing marijuana; possession of marijuana with intent to sell or deliver; trafficking in marijuana by possession, and felonious possession of marijuana. At the conclusion of the State's evidence, defendant's motion to dismiss the charges was granted as to the first three offenses. The jury returned a verdict of guilty of trafficking in marijuana by possession, and judgment was entered on the verdict imposing the minimum mandatory sentence of five years imprisonment and a $5,000 fine. Defendant appeals, bringing forward sixteen assignments of error relating to evidentiary matters, jury instructions, and the denial of various motions. We find no error.

I

The evidence for the State, in pertinent part, tended to show the following.

On 10 July 1985, Sergeant Ralph Willard and two other officers of the N. C. Department of Corrections went to Davidson County, where they were assisted by Sergeant R. L. Gilley of the Davidson County Sheriff's Department in a search for defendant's son, Kenneth Leonard, who had escaped from prison. The officer began checking the addresses on Kenneth's visitor and correspondence list, and, after an unsuccessful visit to the home of a girlfriend, arrived at the home of defendant and his wife at approximately 11:30 p.m.

Sergeants Gilley and Willard went to the door, and defendant answered. Gilley explained that Kenneth had escaped and re-

quested permission to search the residence for him. With defendant's consent, the four officers proceeded to search the house room by room. The only other person present, defendant's wife, was in one of the bedrooms.

During the search, Sgt. Gilley entered a back room, along with Sgt. Willard and Officer Otis Foster. There Gilley observed a shopping bag on the floor containing stems and leaves of marijuana in plain view. A strong odor of marijuana filled the air. A bedspread or cover was draped over the bed, concealing three large lumps. Bits of green vegetable matter clung to the cover. Sgt. Gilley pulled down the cover, revealing two large suitcases and a washtub which contained a quantity of marijuana and seeds.

Defendant entered the room and remarked that Kenneth could not fit into the tub. He looked into the tub calling, "Ken, Ken, are you in there," then placed the cover back over the tub and ordered the officers from the room. About that time, defendant's wife began crying from the other room that she was having a heart attack, and defendant said he wanted to take her to the hospital, refusing Sgt. Gilley's offer to arrange transportation for her. Sgt. Gilley requested permission to search the house for more marijuana, but defendant refused and ordered the officers out of the house and off the property. When they were all outside, defendant locked the door and left with his wife.

Sgt. Gilley then called Lieutenant Henry Oliver of the Sheriff's Department, who came to the residence and watched by the driveway with Sgt. Willard for approximately 30 minutes to an hour while Sgt. Gilley procured a search warrant and returned with Officer G. E. Lewallen. During that time, no one left or entered by the driveway. During the subsequent search, Officers Gilley, Oliver, and Lewallen discovered and seized packaging materials and over 80 pounds of marijuana in various paper bags and containers, including the suitcases, a garbage can, and a plastic trash bag which were all located in the same position in which they were observed during the earlier search.

Defendant presented no evidence.

## II

[1] By his first assignment of error, defendant contends that the trial court erred by entering a judgment which states that the

Court made no written findings of fact because the prison term was imposed pursuant to a plea arrangement. That notation is plainly a mere clerical error which has not prejudiced defendant. Written findings were unnecessary since defendant received the minimum sentence possible under N. C. Gen. Stat. Sec. 90-95 (h)(1)(a) (1985), which overrides the presumptive term established for a Class H felony by N. C. Gen. Stat. Sec. 15A-1340.4(f)(6) (1983). This assignment of error is overruled.

### III

[2] Defendant next assigns error to the admission of testimony by Sgt. Willard identifying the residence in question as "Mr. Leonard's house," a fact that was not within the witness's personal knowledge. He argues that because control of the premises had to be proven in order to establish possession of the marijuana by defendant, the denial of his motion to strike this statement was prejudicial error. We disagree.

First, the challenged statement was not made in an attempt to establish ownership of the residence but rather to clarify Sgt. Willard's testimony describing the geographic setting. Further, the witness's lack of personal knowledge was plain from Sgt. Willard's testimony as a whole, so that reliance on the statement by the jury was unlikely. Finally, Officers Oliver and Lewallen both properly testified from personal knowledge that defendant resided at the house in question. Under these circumstances, the failure to strike the statement, if error, was not prejudicial to defendant. This assignment of error is overruled.

### IV

[3] Defendant next contends that the court erred by admitting testimony regarding the contents of the washtub because, by lifting the cover which concealed the tub, Sgt. Gilley exceeded the scope of the consent given to search for defendant's son.

Before this testimony was admitted, a *voir dire* was conducted to determine the legality of the search. Sgt. Willard gave his opinion that the container, or whatever was under the cover, probably could not have held the escapee. On the other hand, Sgt. Gilley testified that the cover was approximately seven feet by two and a half feet, 14 to 18 inches high, and covered three large lumps; that he believed it covered an area large enough for a per-

son to hide under; and that he raised the cover to look for the escapee. The trial judge found facts consistent with Sgt. Gilley's testimony and concluded that the scope of defendant's consent was not exceeded.

The consent given entitled Sgt. Gilley to search anywhere that he reasonably believed Kenneth Leonard might be concealed. Because conflicting evidence was offered regarding whether the escapee could have hidden under the cover where the washtub was found, it was the duty of the trial court to resolve the conflict by findings of fact, *see, e.g., State v. Chamberlain,* 307 N.C. 130, 297 S.E. 2d 540 (1982), and these findings are conclusive on appeal if supported by competent evidence. *Id.*

In our opinion, the trial court's findings and conclusions are adequately supported by competent evidence in the record, and thus, the challenged testimony was properly admitted. Furthermore, there is ample other evidence in the record of the presence of marijuana to support the conviction, apart from the washtub evidence.

This assignment of error is overruled.

V

[4] In his next two assignments of error, defendant challenges the validity of the search warrant and the admission of the evidence seized, on the grounds that the affidavit of Sgt. Gilley, offered in support of the warrant application, failed to establish probable cause. The affidavit described the place to be searched as "a wood frame house and outbuildings" and included directions to the location. The facts stated to establish probable cause were that Officer Gilley had gone to the location a half hour earlier to search for Kenneth Leonard and, during the search, saw in plain view "a green vegetable matter" that appeared to be marijuana. Defendant contends that the affidavit described the circumstances establishing probable cause with insufficient particularity, inadequately defined the area to be searched, and failed to disclose that the affiant was capable of identifying marijuana. These arguments are without merit.

An affidavit upon which a search warrant is issued is deemed sufficient if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon

the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender. *E.g., State v. Arrington,* 311 N.C. 633, 319 S.E. 2d 254 (1984). The direct personal observation by the officer/affiant or his fellow officers is plainly a reliable basis for issuance of a warrant. *See State v. Horner,* 310 N.C. 274, 311 S.E. 2d 281 (1984); *State v. Moore,* 79 N.C. App. 666, 340 S.E. 2d 771 (1986), *disc. rev. denied,* 319 N.C. 393, 354 S.E. 2d 228 (1987). Moreover, in our opinion, a trained law enforcement officer need not swear to his ability to recognize an illegal substance in order for his observation to be deemed reliable by the issuing magistrate.

Defendant suggests that because Sgt. Gilley did not specify precisely where on the premises the marijuana was seen and limit the area to be searched accordingly, the warrant was invalid. Although defendant correctly maintains that a warrant must designate the place to be searched with reasonable certainty, *see* N. C. Gen. Stat. Sec. 15A-246(4), we conclude that the designation of location in this case is adequate. Based on Sgt. Gilley's personal observation of marijuana in plain view on the premises, any areas of the house or outbuildings might be reasonably viewed as possible repositories for additional marijuana. *See, e.g., Moore; State v. Mavrogianis,* 57 N.C. App. 178, 291 S.E. 2d 163, *disc. rev. denied,* 306 N.C. 562, 294 S.E. 2d 227 (1982); *State v. Trapper,* 48 N.C. App. 481, 269 S.E. 2d 680 (1980); *State v. Eutsler,* 41 N.C. App. 182, 254 S.E. 2d 250, *cert. denied,* 297 N.C. 614, 257 S.E. 2d 438 (1979).

Moreover, Sgt. Gilley clearly made a good faith effort to afford defendant his constitutional rights by procuring the warrant, and acted under a good faith belief that his direct observations established probable cause. Under the circumstances, although the facts establishing probable cause might have been stated with greater precision in the affidavit, we conclude that the officers reasonably relied upon the warrant in conducting the search. *See United States v. Leon,* 468 U.S. 897, 82 L.Ed. 2d 677, *reh. denied,* 468 U.S. 1250, 82 L.Ed. 2d 942 (1984) (upholding admission of evidence seized in reasonable reliance on invalid warrant). Accordingly, we uphold the trial court's determination that the search was valid and that the seized evidence was admissible.

## VI

[5]   Defendant also assigns error to the denial of his motion to dismiss the charges of trafficking in marijuana by possession and felony possession of marijuana. Citing *State v. McLaurin*, 320 N.C. 143, 357 S.E. 2d 636 (1987) and *State v. Guffey*, 252 N.C. 60, 112 S.E. 2d 734 (1960), defendant claims that there was insufficient evidence that he had actual or constructive possession of the marijuana or the other items seized, particularly in view of evidence that defendant's wife, children, and other people stayed in the residence from time to time.

A defendant's motion to dismiss is properly denied if there is substantial evidence that the offense charged was committed and that the accused was the perpetrator of the crime. *See State v. Perry*, 316 N.C. 87, 340 S.E. 2d 450 (1986). In ruling on the motion, the court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

In a prosecution for possession of contraband materials, the State is not required to prove actual physical possession. Proof of constructive possession is sufficient and that possession need not always be exclusive. *Perry* at 96, 340 S.E. 2d at 456. *See also, State v. Williams*, 307 N.C. 452, 298 S.E. 2d 372 (1983); *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974); *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Allen*, 279 N.C. 406, 183 S.E. 2d 680 (1971). As the Supreme Court stated in *Harvey*:

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession."

281 N.C. at 12-13, 187 S.E. 2d 714 (citations omitted). However, "[a]lthough it is not necessary to show that an accused has exclusive possession of the premises where contraband is found, where possession of the premises is nonexclusive, constructive possession of the contraband materials may not be inferred without other incriminating circumstances." *State v. Brown*, 310 N.C. 563, 569, 313 S.E. 2d 585, 588-89 (1984). *See also McLaurin* at 146, 357 S.E. 2d at 638.

In the case *sub judice* there is ample evidence that the premises in question were under the control of defendant. It was not necessary, as defendant contends, for the State to establish that defendant *owned or leased* the premises. Officers Oliver and Lewallen both testified from personal knowledge that defendant had resided there for over a year. Furthermore, unlike the defendants in *Guffey* and *McLaurin*, the cases relied on by defendant, he was *present* on the premises when marijuana was first found. He exercised control over the premises by granting permission to search for his son, by denying permission to search for marijuana, by ordering the officers off the premises, and by locking the door when he left.

Although evidence suggests defendant's control of the premises was nonexclusive, there were additional circumstances which buttress the inference of defendant's knowledge, intent, and power to control the illegal substance. Some of the material was in plain view in a room heavy with the odor of marijuana. No one other than defendant's wife was observed on the premises. Defendant exerted direct control over the marijuana when he entered the room where it was located, replaced the cover over the washtub and suitcases, and ordered the officers from the room. Moreover, no one was observed entering or leaving the house prior to the warrant search, nor were the positions of the containers altered.

We hold that the foregoing is sufficient evidence to support a reasonable inference that defendant was in possession of the marijuana, and, therefore, that the motion to dismiss was properly denied.

## VII

[6] Defendant moved for mistrial at the close of the State's evidence based on 1) improper testimony by Sgt. Gilley that he had a

paper from the light company indicating defendant had lived at the residence in question since 1963, and 2) the State's exhibition to the jury, and introduction of testimony about, a "vibrations analyzer" which was later ruled inadmissible. He assigns as error the denial of the motions.

The decision to grant or deny a motion for mistrial is within the sound discretion of the trial judge. *State v. Calloway*, 305 N.C. 747, 291 S.E. 2d 622 (1982). Furthermore, "a mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict." *Id.*

In this case, the trial court, in each instance complained of, properly allowed defendant's motions to strike and directed the jury to disregard the improper evidence. From our review of the record, we conclude the curative instructions adequately protected defendant against any consideration the jury may have given the evidence, and we find no abuse of discretion by the trial court in denying the motions for mistrial.

## VIII

Four of defendant's assignments of error relate to the jury charge. Having carefully considered the exceptions upon which these assignments of error are based, we conclude that the instructions, considered as a whole, were proper and that the court correctly declined to give the specific instructions requested by defendant.

## IX

The remainder of defendant's assignments of error are formal ones, asserting error in the denial of his motions to set aside the verdict, for arrest of judgment, and to vacate the judgment. For the reasons previously stated, these assignments of error are overruled.

No error.

Judges JOHNSON and PARKER concur.