STATE OF NORTH CAROLINA
v.
NATALIA TEJEDA-RIVERA.
No. COA08-283
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kimberley A. D'Arruda, for the State.
M. Alexander Charns, for defendant-appellant.
JACKSON, Judge.
On 13 January 2007, Officer Robert Steel ("Officer Steel") of the Raleigh Police Department ("Police Department") arrested Natalia Tejeda-Rivera ("defendant") for possession with intent to sell and deliver cocaine. Earlier that evening, a confidential informant, Priscilla Hudson ("Hudson"), and her female friend agreed with the Police Department to arrange a drug "buy-bust" operation. Hudson contacted the target of the operation, Robert Lopez ("Lopez"), who told her that he could sell drugs to her. Hudson and her friend met Lopez at a gas station where Lopez got into Hudson's car. Lopez then directed Hudson where to drive in order to purchase the drugs. Hudson was wearing a body wire and was being followed by police officers at all times. Lopez directed Hudson to the Brentwood Apartments where they picked up another man. Hudson, her friend, Lopez, and the other man then drove to an apartment on Bonneville Court in Raleigh, North Carolina. When they arrived, Lopez and Hudson went inside to purchase the drugs. Once inside, however, Hudson was out of range for the police officers to hear the conversation via Hudson's body wire.
Inside, Hudson became frightened, locked herself in a bathroom, and used her cell phone to call Sergeant McCollum, the officer in charge of the "buy-bust" operation. Sergeant McCollum asked Hudson to leave the apartment, but she would not do so, and after hanging up on Sergeant McCollum, Hudson would not answer his calls. Sergeant McCollum then directed his team of officers to retrieve Hudson from the apartment.
When the officers knocked at the door and identified themselves as police officers, they could hear noises coming from within the apartment. After a few minutes of knocking, the noises stopped, Hudson left the bathroom, and she unlocked the apartment door for the officers. Officers Young and Daniels realized that someone had left the apartment through a sliding glass door, and followed to search for whoever used that exit. Officers Maddocks and Steel conducted a protective sweep of the rest of the apartment. They found the door to the back bedroom locked, but could hear someone moving around inside the room. Officer Maddocks yelled, "Police!" and requested that the person open the door. When the door did not open, Officer Maddocks kicked the door open. Inside the back bedroom, Officers Maddocks and Steel found defendant standing on the opposite side of the room from the door. Officer Steel asked whether any guns or drugs were in the room. Defendant said, "yes," and pointed to the mattress and the chair behind Officer Steel. Under the mattress, he found a loaded pistol, and on the chair behind him, Officer Steel found a pink plastic container with cocaine packaged into twenty-five, small plastic bags. Officer Steel then arrested defendant for possession of cocaine. Before they left, defendant reached into her pocket and handed a key to the apartment to Officer Steel so that he could lock the apartment.
On 2 April 2007, the Wake County grand jury indicted defendant for possession with intent to sell and deliver cocaine in violation of North Carolina General Statutes, section 90-95(a)(1) and maintaining a dwelling place to keep or sell controlled substances in violation of North Carolina General Statutes, section 90-108(a)(7). On 6 August 2007, defendant's trial commenced. At trial, defendant moved to dismiss both charges at the close of the State's evidence. The trial court granted defendant's motion to dismiss the charge of maintaining a dwelling place to keep or sell controlled substances, but denied defendant's motion to dismiss the charge of possession with intent to sell and deliver cocaine.
At the State's request, the trial court submitted the charge of possession with intent to sell and deliver cocaine as well as the lesser included offense of possession of cocaine to the jury. On 8 August 2007, the jury found defendant guilty of possession of cocaine. The trial court denied defendant's motion to dismiss the verdict and enter a verdict of not guilty, entered judgment suspending defendant's sentence of a minimum term of four months and a maximum term of five months imprisonment for felony possession of cocaine, placed defendant on supervised probation for eighteen months, and required defendant to pay court costs. Defendant gave notice of appeal in open court.
On appeal, defendant first argues that the trial court erred by denying defendant's motion to dismiss the possession of cocaine charge because the evidence was insufficient to establish every element of the crime. Specifically, defendant argues that there was insufficient evidence of defendant's intent to control the disposition or use of the cocaine. We disagree.
In order to survive a motion to dismiss based upon the sufficiency of the evidence, the State must present substantial evidence of each essential element of the charged offense and of defendant's being the perpetrator of the offense. State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Blake, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (internal citations and quotation marks omitted). The court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences that can be drawn from the evidence. Fritsch, 351 N.C. at 37879, 526 S.E.2d at 455. Constructive possession is sufficient and "exists when the defendant, `while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the narcotics." State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)). Whether constructive possession exists depends upon the totality of the circumstances. State v. Glasco, 160 N.C. App. 150, 157, 585 S.E.2d 257, 262, disc. rev. denied, 357 N.C. 580, 589 S.E.2d 356 (2003). When contraband is "`found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession.'" Matias, 354 N.C. at 552, 556 S.E.2d at 27071 (quoting State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)).
"However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989). "A defendant's presence on the premises and in close proximity to a controlled substance is a circumstance which may support an inference of constructive possession." State v. Alston, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988) (citing State v. Leonard, 87 N.C. App. 448, 456, 361 S.E.2d 397, 402 (1987),disc. rev. denied and appeal dismissed, 321 N.C. 746, 366 S.E.2d 867(1988). See also State v. Rich, 87 N.C. App. 380, 383, 361 S.E.2d 321, 323 (1987)).
In the case sub judice, the State presented evidence that defendant was found alone and arrested in a locked room within a few feet of the cocaine. When asked whether there were any guns or drugs in the room, defendant pointed and said, "yes." Under the mattress, Officer Steel then found a loaded pistol, and on a chair behind him, he found a pink plastic container inside of which were twenty-five small plastic "baggies" of cocaine. Officer Maddocks testified that this sort of packaging of narcotics usually indicates that the drugs are for sale. Furthermore, before defendant left, she gave a key to the apartment to Officer Steel to lock the door. The provision of a key indicates some control over the premises. See State v. Leonard, 87 N.C. App. 448, 456, 361 S.E.2d 397, 402 (1987),disc. rev. denied and appeal dismissed, 321 N.C. 746, 366 S.E.2d 867 (1988). Although no evidence was presented that defendant either owned or leased the premises, such evidence is not necessary. See id.
Accordingly, in view of the totality of the circumstances, we hold the State presented substantial evidence of defendant's intent to control the disposition or use of the cocaine. The trial court, therefore, did not err by denying defendant's motion to dismiss the charge of possession with intent to sell and deliver cocaine.
Defendant next contends that the trial court erred by not re-instructing the jury with the exact language of a special instruction requested by defendant when the jury asked for a definition of constructive possession. We disagree.
We review jury instructions "only for abuse of discretion. Abuse of discretion means manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." State v. Bagley, ___ N.C. App. ___, ___, 644 S.E.2d 615, 622 (2007) (internal citations and quotation marks omitted). We review jury instructions contextually and in their entirety. State v. Glynn, 178 N.C. App. 689, 693, 632 S.E.2d 551, 554, disc. rev. denied, 360 N.C. 651, 637 S.E.2d 180 (2006). The party asserting error also bears the burden of showing that the jury was misled or that the verdict was affected by the instruction. State v. Blizzard, 169 N.C. App. 285, 297, 610 S.E.2d 245, 253 (2005).
When a request for a special jury instruction is timely submitted in the proper form and signed by counsel, the court has a duty to give the instruction in substance, when relevant.See State v. Thomas, 28 N.C. App. 495, 497, 221 S.E.2d 749, 750 (1976) (citing State v. Boyd, 278 N.C. 682, 180 S.E.2d 794 (1971)). "`While the court is not required to give the instruction in the exact language of the request, if request be made for a specific instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance.'" State v. Spicer, 285 N.C. 274, 283, 204 S.E.2d 641, 647 (1974) (quoting State v. Hooker, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956)).
In the instant case, after being instructed once, the jury asked for the trial court to provide again a definition of constructive possession. Defendant requested that the trial court provide a specific instruction. In relevant part, defendant's requested instruction states that
[d]efendant's physical proximity, if any, to the substance, does not by itself permit [an] inference that the [d]efendant was aware of its presence or had the power or intent to control its disposition or use. Such [an] inference may be drawn only from this or other circumstances such as efforts at concealment or behavior suggesting fear of discovery, which you find from the evidence beyond a reasonable doubt.
(Emphasis added). The trial court instructed the jury that
[d]efendant's physical proximity, if any, to the substance does not by itself permit [an] inference that the [d]efendant was aware of its presence or had the power or intent to control its disposition or use. Such an inference may be drawn only from this and other circumstances which you find from the evidence beyond a reasonable doubt.
The only portion omitted was a clause providing examples  "such as efforts at concealment or behavior suggesting fear of discovery." In the presence of counsel for the State, counsel for defendant, and defendant, but outside the presence of the jury, the trial court explained that
if I do what [defense counsel] want[s] me to do, which is to talk about fear, that actually circles a kind of behavior which I don't think is  is entirely comprehensive of all kinds of behavior that could involve the kind of other circumstances that could couple with proximity to give intent.
We hold that the substance of the instruction was given, and the trial court did not abuse its discretion by omitting the portion noted above. In defendant's third argument, defendant contends that defendant's trial counsel was ineffective because counsel failed to request the recording of the jury selection, bench conferences, opening statements, closing arguments, and portions of the trial court's preliminary instructions to the jury. In defendant's fourth argument, defendant contends that the trial court erred by failing to require the recording of the trial court's introductory remarks and voir dire of prospective jury members in violation of North Carolina General Statutes, section 15A-1241. However, defendant concedes that she has not suffered any prejudice from anything contested in her third or fourth arguments. Further, defendant notes that these assignments of error are strictly for preservation. Accordingly, we hold no error.
No Error.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30 (e).