STATE v. E. B. STRICKLAND.

(Filed 20 November, 1935.)

**Criminal Law G b—**

> In a prosecution for incest, testimony of the prosecuting witness that she was born before the marriage of her father, the defendant, and her mother, is irrelevant to the issue, and its admission *is held* for reversible error as tending to prejudice or warp the judgment of the jury.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, J.,* at April Term, 1935, of SAMPSON. New trial.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*N. W. Outlaw, Henry A. Grady, Jr., and Scott B. Berkeley for defendant, appellant.*

SCHENCK, J. Two cases against the defendant, charging him with incest with his two daughters, respectively, were consolidated for the purpose of trial. The jury returned a verdict of not guilty of the charge with Esther Strickland and guilty of the charge with Bernice Strickland Hughes. From judgment of imprisonment the defendant appealed,

assigning as error, *inter alia,* that the court admitted in evidence, over his objection and declined to strike from the evidence upon his motion, the testimony of Bernice Strickland Hughes, his daughter, to the effect that she was born before her father, the defendant, and her mother were married. We think this assignment of error was well taken, and entitles the defendant to a new trial. This testimony was wholly irrelevant and collateral to the issue involved, and could easily have been harmful in its tendency to arouse the prejudice or warp the judgment of the jury, and its admission constituted prejudicial error. *State v. Mikle,* 81 N. C., 552; *S. v. Jones,* 93 N. C., 611; *S. v. Freeman,* 183 N. C., 743; *S. v. Galloway,* 188 N. C., 416.

New trial.

DEVIN, J., took no part in the consideration or decision of this case.