STATE OF NORTH CAROLINA v. DEBORAH KAYE TEMPLES

No. 8421SC824

(Filed 2 April 1985)

**1. Homicide § 19.1— self-defense—general reputation of victim admitted—error**

In a prosecution for the murder by defendant of her allegedly abusive husband, the trial court erred by admitting evidence of the decedent's general reputation in the community. The State may offer evidence of a homicide victim's character for peace and quiet in rebuttal of evidence of the deceased's character for violence, but it may not go further and introduce evidence of the victim's general good character.

**2. Homicide § 15— murder by abused wife—suicide note—not relevant**

In a prosecution for the murder by defendant of her husband, the court erred by admitting for impeachment a note allegedly written by defendant in contemplation of suicide. The note was not relevant for impeachment; furthermore, the prejudicial impact of the inflammatory contents outweighed any conceivable probative value.

**3. Homicide § 28.3— self-defense—abuse of language—no evidence supporting instruction**

Where defendant was charged with the murder of her husband, the court erred by instructing the jury that one enters a fight voluntarily if she uses toward her opponent abusive language calculated to bring on a fight where there was no evidence from which a jury could find that defendant used such language.

**4. Homicide § 28.3— self-defense—instruction on effect of defendant's aggression—not supported by evidence**

In a prosecution for murder, the court erred by instructing the jury that a defendant acting in self-defense is guilty of voluntary manslaughter if she was the aggressor in bringing on the fight where the record contains no evidence that defendant was the aggressor; however, defendant did not properly raise the assignment of error under App. Rule 10(b)(2).

**5. Criminal Law § 167— errors not prejudicial considered alone—collectively prejudicial**

In a prosecution for murder where the court erred by admitting evidence of the deceased's general reputation, admitting a suicide note allegedly written by defendant, and giving instructions on abusive language and self-defense not supported by the evidence, the errors did not alone rise to the level of prejudicial error, but collectively raised a reasonable possibility that a jury would have reached a different verdict had those errors not occurred.

APPEAL by defendant from *Seay, Judge.* Judgment entered 21 March 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 March 1985.

Defendant was charged in a proper bill of indictment with murder. She was found guilty of second degree murder. From a judgment imposing the presumptive sentence of fifteen years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Catherine McLamb, for the State.*

*Harrell Powell, Jr., and Lawrence J. Fine for defendant, appellant.*

HEDRICK, Chief Judge.

Evidence introduced at trial tends to show the following: Defendant and the deceased were married in 1981. Their marital relationship was tumultuous, characterized by violent arguments and separations followed by periods of affection and reconciliation. When Mr. Temples consumed alcohol, he often became verbally and physically abusive toward defendant. Defendant testified that on the evening of 7 August 1983 Mr. Temples was drinking heavily and that she and her husband began to argue. She stated that Mr. Temples cursed her, pushed her to the floor, and threatened to hurt her if she got up. Defendant said that Mr. Temples then undressed and went into the bathroom to shower, leaving defendant crying on the floor. Defendant stated she reached for some Kleenex and saw a pistol she habitually carried in her pocketbook. Mrs. Temples testified that she took out the gun and put it to her head, contemplating suicide. She realized that she did not want to die just as her husband opened the bathroom door. The defendant testified that she then approached her husband, saying, "I love you, . . . please hold me," and that Mr. Temples reached for the gun, saying, "[Y]ou put that gun up to your god damn head and I'll help you pull it, I'll help you pull that trigger, you just hold it up there and I'll put my hand on it and pull it." Defendant testified that she believed the deceased intended to kill her and so closed her eyes, fired the gun, and then closed the bathroom door. Evidence introduced at trial tends to show that the gun was fired five times and that three bullets struck the deceased. The bullet that inflicted the fatal wound entered the deceased's back. Forensic evidence tends to show that the fatal bullet was fired from a distance in excess of two feet.

[1] By her first assignment of error defendant contends the court improperly admitted evidence of the decedent's general character and reputation in the community. We agree. While the State may offer evidence of a homicide victim's character for peace and quiet in rebuttal of evidence of the deceased's character for violence, *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967), it may not go further and offer evidence of the victim's general good character. *State v. Champion*, 222 N.C. 160, 22 S.E. 2d 232 (1942). In the instant case, the State offered testimony, over defendant's objections, by five witnesses as to Mark Temples' general good character. We hold the court erred in admitting this evidence.

[2] Defendant next assigns error to the admission into evidence of State's Exhibit No. 18, a note apparently written in contemplation of suicide and allegedly written by defendant. The record shows that this note was found with numerous other papers and clippings in a shoulder bag in a closet in the apartment shared by defendant and her husband. The writing, which was neither dated nor signed, made reference to the writer's experiences with drugs, abortion, and incest. The record reveals that Judge Seay conducted a *voir dire* on the admissibility of this exhibit, and then ruled that the note could be admitted. On objection and further argument by counsel, however, the court reversed its ruling and excluded the exhibit. Following the close of the State's case on rebuttal, the district attorney inadvertently handed State's Exhibit No. 18 to a juror, and defendant moved for a mistrial. The court then granted the State's motion to re-open its case, allowed State's Exhibit No. 18 into evidence, and instructed the jury that the note was to be considered only for impeachment purposes. The record contains no ruling by the court on defendant's motion for a mistrial.

We agree with defendant that the court erred in admitting the challenged writing into evidence. We find the State's argument as to this exhibit's relevance for impeachment purposes totally unpersuasive; furthermore, in addition to its collateral nature, we observe that the contents of this document are inflammatory, with the potential prejudicial impact under the circumstances far outweighing any conceivable probative value of this evidence. *See State v. Strickland*, 208 N.C. 770, 182 S.E. 490 (1935).

[3] By Assignment of Error No. 10, defendant contends that the court erred in instructing the jury that "One enters a fight voluntarily if she uses toward her opponent abusive language which considering all the circumstances is calculated and intended to bring on a fight." Defendant argues that the record is devoid of evidence tending to show that defendant used abusive language toward Mark Temples on the morning of 8 August 1983. We agree, and hold that, because there is no evidence from which the jury could find that defendant voluntarily entered a fight with the deceased based on her use of abusive language calculated to bring on such a fight, the court erred in instructing the jury on this aspect of the law. *See State v. Cameron,* 284 N.C. 165, 171, 200 S.E. 2d 186, 191 (1973), *cert. denied,* 418 U.S. 905, 94 S.Ct. 3195, 41 L.Ed. 2d 1153 (1974) ("[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial.").

[4] Defendant's next contention is set out in her brief as follows:

> The trial court committed reversible error by instructing the jury that self-defense was not available to the defendant if she was the aggressor when there was no evidence in the record that the defendant was the aggressor.

Defendant has not properly raised this assignment of error under Rule 10(b)(2), North Carolina Rules of Appellate Procedure, which in pertinent part provides: "In the record on appeal an exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference." We point out, however, that it is error for the court to charge the jury that a defendant, if otherwise acting in self-defense, is guilty of voluntary manslaughter if he was the aggressor in bringing on the fight where the record contains no evidence that the defendant was the aggressor. *State v. Miller,* 223 N.C. 184, 25 S.E. 2d 623 (1943); *State v. Tann,* 57 N.C. App. 527, 291 S.E. 2d 824 (1982); *State v. Ward,* 26 N.C. App. 159, 215 S.E. 2d 394 (1975).

[5] "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619-20, 73 S.Ct. 481, 490, 97 L.Ed. 593, 605 (1953). Our courts have repeatedly said that a defendant has the burden of demonstrating not only error, but also that the error complained of was prejudicial, i.e., that there

is a reasonable possibility that a different verdict would have been reached had the errors not been committed. *See, e.g., State v. Milby and State v. Boyd,* 302 N.C. 137, 273 S.E. 2d 716 (1981); *State v. Chapman,* 294 N.C. 407, 241 S.E. 2d 667 (1978). We do not hold today that any of the errors discussed above, standing alone, rise to the level of prejudicial error. When the errors committed by the trial judge are considered collectively, however, we believe there is indeed a reasonable possibility that the jury would have reached a different verdict had these errors not occurred. Consequently, we hold that defendant is entitled to a

New trial.

Judges WELLS and MARTIN concur.