STATE OF NORTH CAROLINA v. BILL TATE, DEFENDANT

No. 9121SC863

(Filed 21 January 1992)

**1. Narcotics § 4.3 (NCI3d) — manufacturing marijuana — constructive possession — sufficiency of evidence**

Evidence of constructive possession was sufficient to be submitted to the jury in a prosecution for manufacturing marijuana where it tended to show that defendant admitted to officers upon questioning that he was the owner of the premises on which a single marijuana plant and drying marijuana were found; he had lived there for twenty years; there was no evidence that anyone else owned the property; defendant exercised control over the premises by denying officers permission to search inside the house and by ordering officers off the premises; and the evidence of a single, well-worn path leading directly from defendant's house in which several persons resided to the premises on which three marijuana patches were discovered, it serving as the only access to the marijuana, together with the other incriminating circumstance of defendant's possession of marijuana found at his residence, supported

an inference of defendant's constructive possession of the marijuana patches.

**Am Jur 2d, Drugs, Narcotics and Poisons §§ 21, 47.**

2. **Criminal Law § 1186 (NCI4th)— maximum sentence—fifteen-year-old prior conviction**

The trial court did not err in imposing the maximum term of imprisonment for the offense based on defendant's one prior conviction which was more than fifteen years old, since the prior conviction was for the same offense for which defendant was currently being sentenced. N.C.G.S. § 15A-1340.4(a)(1)(o).

**Am Jur 2d, Drugs, Narcotics, and Poisons § 48; Habitual Criminals and Subsequent Offenders §§ 6, 14.**

APPEAL by defendant from judgment entered 12 June 1991 in FORSYTH County Superior Court by *Judge William Z. Wood, Jr.* Heard in the Court of Appeals 9 December 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Evelyn B. Terry, for the State.*

*Paul C. Shepard for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 12 June 1991, which judgment was based on a jury verdict convicting defendant of one count of manufacturing marijuana, N.C.G.S. § 90-95(a)(1) (1990).

The State's evidence tended to establish the following: On 28 June 1990, Detective Tom Evans (Detective Evans) of the Forsyth County Sheriff's Department, while a passenger in a State Bureau of Investigation (SBI) aircraft, observed marijuana growing in a wooded area off the runway of Smith-Reynolds Airport. From the aircraft, Detective Evans could readily identify a path running from the marijuana to defendant's house. There were about five other houses in the vicinity. A ground search of the area revealed that the marijuana was accessible only by the path leading from defendant's home. The path was worn and clearly traveled and began shortly past defendant's house. The brush in the wooded area surrounding the marijuana was so dense and thick that one

could not walk through it without the aid of a farm implement, bulldozer, or the path provided.

About 25 yards down the path from defendant's house, a ground crew of law enforcement officers discovered the marijuana that had been seen from the SBI aircraft. There were three different patches of marijuana connected by the path. Officers counted a total of 125 plants. The plants had been cultivated, were well-maintained, and were all over four feet tall. Defendant acknowledged to the officers that he owned and lived in the house by the path and had lived there for more than twenty years, but denied knowing anything about the marijuana. Defendant told officers that he did not even know what a marijuana plant looked like. Sergeant Marc Fetter (Sergeant Fetter) of the Forsyth County Sheriff's Department, a member of the ground crew which investigated the marijuana patches, testified that while he was speaking with defendant at defendant's residence regarding the marijuana patches which had been discovered, he noticed a single marijuana plant about three feet tall growing in a planter in a flower garden in defendant's front yard. The plant was approximately 20 to 25 feet from the residence and could be seen from the residence. Sergeant Fetter testified that after he walked over to the planter and pulled the marijuana plant, defendant "got concerned and walked away," "became extremely defensive," and, with a raised voice, told officers that he wanted them off of his property. Sergeant Fetter also testified that defendant stated that he was a gardener and planted gardens.

After discovering the single marijuana plant in the garden, officers walked around and discovered two piles of marijuana drying out beside a plastic bag near a pond in defendant's front yard. Sergeant Fetter testified that defendant remained extremely defensive upon this second discovery of marijuana by the police officers. The officers checked the house closest to defendant's residence and found it to be abandoned. They were unable to locate any paths leading from that location to the marijuana. The officers did not determine who owned the land on which the marijuana patches were located. The State's evidence established that defendant was living in the house with his wife and at least one son. Sergeant Fetter testified that at the time he spoke with defendant there were several other people at the residence, including "at least two other black males," one of whom appeared to be a guest of defendant who was on the premises preparing for a cookout.

STATE v. TATE

[105 N.C. App. 175 (1992)]

Defendant presented no evidence.

---

The issues presented are whether I) the State presented substantial evidence of defendant's manufacturing marijuana in order to survive defendant's motion to dismiss; and II) the trial court erred by finding as an aggravating factor for the purpose of sentencing defendant's 15-year-old conviction for a criminal offense punishable by more than 60 days' confinement, specifically, a 1973 conviction for manufacturing marijuana.

I

[1] Defendant contends that the evidence presented by the State is insufficient to permit the jury to find him guilty of growing or cultivating marijuana. Specifically, defendant argues that there was no evidence linking defendant to the marijuana patches found behind his house, nor any evidence establishing that he had constructive possession of the marijuana patches or of the marijuana found in defendant's yard.

North Carolina Gen. Stat. § 90-95(a)(1) (1990) provides that it is unlawful for any person "to manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." Quantity is not an element of this offense. *State v. Hyatt*, 98 N.C. App. 214, 216, 390 S.E.2d 355, 357 (1990). " 'Manufacture' means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means. . . ." N.C.G.S. § 90-87(15) (1990). Marijuana is classified as a Schedule VI controlled substance. N.C.G.S. § 90-94 (1990). "In those cases where production, propagation, conversion, or processing of a controlled substance are involved, the intent of the defendant, either to distribute or consume personally, [is] irrelevant and does not form an element of the offense." *State v. Muncy*, 79 N.C. App. 356, 363, 339 S.E.2d 466, 471, *disc. rev. denied*, 316 N.C. 736, 345 S.E.2d 396 (1986) (quoting *State v. Childers*, 41 N.C. App. 729, 732, 255 S.E.2d 654, 656-57, *cert. denied*, 298 N.C. 302, 259 S.E.2d 916 (1979) ).

In order to survive a defendant's motion to dismiss in a prosecution for manufacturing marijuana, the burden is on the State to offer substantial evidence that defendant was engaged in one or more of the manufacturing activities delineated in N.C.G.S. § 90-87(15), discussed *supra. See State v. Smith*, 300 N.C. 71, 78,

265 S.E.2d 164, 169 (1980) (trial judge must decide whether there is substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, of each element of the offense charged). In the instant case, the evidence adduced from police officers with regard to the discovery of the marijuana patches in the woods behind defendant's house, in the garden in defendant's yard, and beside defendant's pond, taken in the light most favorable to the State, supports a reasonable inference that *someone* was in the process of producing marijuana. The question is whether defendant was that person. Because the evidence does not indicate that defendant was in actual physical possession of any of the marijuana discovered, the doctrine of constructive possession must be applied. See *State v. Brown*, 310 N.C. 563, 568, 313 S.E.2d 585, 588 (1984); *State v. Owen*, 51 N.C. App. 429, 431, 276 S.E.2d 478, 479 (1981), *cert. denied*, 305 N.C. 154, 289 S.E.2d 382 (1982). Constructive possession exists when a person lacking actual physical possession nevertheless has the intent and capability to maintain control and dominion over the substance. *Brown*, 310 N.C. at 568, 313 S.E.2d at 588.

In North Carolina, an inference of constructive possession arises against an owner or lessee who occupies the premises where contraband is found, regardless of whether the owner or lessee has exclusive or nonexclusive control of the premises. "Such ownership is strong evidence of control and 'gives rise to an inference of knowledge and possession . . . .'" *State v. Thorpe*, 326 N.C. 451, 455, 390 S.E.2d 311, 314 (1990) (quoting *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)); *State v. Davis*, 325 N.C. 693, 697-98, 386 S.E.2d 187, 190-91 (1989) (evidence of defendant's ownership of mobile home in which controlled substances were found supports inference of constructive possession); see also *Mobley v. State*, 380 S.E.2d 290, 292 (Ga. App. 1989) (there is a rebuttable presumption of possession against the owner or lessee of premises on which controlled substances are found). However, the State is not *required* to establish that a defendant owned or leased the premises on which contraband is found in order to prove control of such premises by defendant. *State v. Leonard*, 87 N.C. App. 448, 456, 361 S.E.2d 397, 402 (1987), *disc. rev. denied*, 321 N.C. 746, 366 S.E.2d 867 (1988). Where there is no evidence of ownership, defendant's exclusive control of the premises on which controlled substances are found supports an inference of defendant's constructive possession of the controlled substances. *Harvey*, 281 N.C. at

12, 187 S.E.2d at 714. Furthermore, where there is no evidence of ownership or of exclusive possession of the premises on which controlled substances are found, constructive possession may be inferred if the defendant has nonexclusive possession of the premises and there are accompanying incriminating circumstances. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987).

### Marijuana On Defendant's Property

In the instant case, the evidence at trial established that defendant admitted to officers upon questioning that he was the owner of the premises on which the single marijuana plant and drying marijuana were found, and that he had lived there for twenty years. There was no evidence that anyone else owned the property. Moreover, defendant exercised control of the premises by denying officers permission to search inside the house and by ordering officers off the premises. *See Leonard*, 87 N.C. App. at 456, 361 S.E.2d at 402. Such evidence of defendant's ownership and control of premises on which marijuana is discovered in plain view in the front yard raises an inference that defendant had constructive possession of the marijuana. Because quantity is not an element of the offense of manufacturing marijuana, the evidence of defendant's constructive possession of a live marijuana plant and drying marijuana stalks is substantial evidence of defendant's manufacturing marijuana and is therefore sufficient to take the case to the jury. *See State v. Wiggins*, 33 N.C. App. 291, 235 S.E.2d 265, *cert. denied*, 293 N.C. 592, 241 S.E.2d 513 (1977) (defendant's constructive possession of marijuana growing in potted plant in front yard and of stripped marijuana stalks in back yard was substantial evidence of defendant's manufacturing marijuana). Accordingly, the trial court correctly denied defendant's motion to dismiss.

### Marijuana Patches Behind Defendant's Property

Although the State presented evidence of defendant's ownership of the premises on which the single marijuana plant and drying marijuana stalks were found, the State failed to establish who owned the land behind defendant's house on which the marijuana patches were found. However, the evidence of the single, well-worn path leading directly from defendant's house in which several persons resided to the premises on which the marijuana patches were discovered, it serving as the only access to the marijuana, establishes, at a minimum, defendant's nonexclusive possession of such premises. *See, e.g., State v. Spencer*, 281 N.C. 121, 187 S.E.2d 779 (1972);

*State v. Beaver*, 317 N.C. 643, 346 S.E.2d 476 (1986). This nonexclusive possession of the premises on which the marijuana patches were discovered, when combined with the "other incriminating circumstance" of defendant's possession of marijuana found at his residence, supports an inference of defendant's constructive possession of the marijuana patches. *See State v. Jenkins*, 74 N.C. App. 295, 328 S.E.2d 460 (1985) (marijuana found in five-gallon buckets in defendant's yard properly considered in determining whether defendant had constructive possession of marijuana in fields surrounding defendant's house); *Spencer*, 281 N.C. at 129-30, 187 S.E.2d at 784-85 (marijuana seeds found in defendant's bedroom constituted one of the other incriminating circumstances which linked defendant to marijuana in field behind defendant's residence). This constructive possession of the marijuana patches is simply additional evidence supporting submission of this case to the jury.

II

[2] Defendant assigns as error the court's imposition of the maximum term of imprisonment for the offense based on defendant's one prior conviction, which was more than fifteen years old. He contends that a single conviction dating back more than fifteen years is not a sufficiently aggravating factor to justify the maximum sentence. We disagree.

North Carolina Gen. Stat. § 15A-1340.4(a)(1)(o) (1988) does not limit the age of the prior convictions that may be considered by the sentencing court as aggravating factors. *State v. Riggs*, 100 N.C. App. 149, 155, 394 S.E.2d 670, 674 (1990), *disc. rev. denied*, 328 N.C. 96, 402 S.E.2d 425 (1991). In *Riggs*, this Court upheld the trial court's finding of aggravating factors based on the defendant's unrelated convictions from twenty years in the past. Moreover, the balance struck in weighing any aggravating and mitigating factors found is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. *State v. Parks*, 324 N.C. 94, 98, 376 S.E.2d 4, 7 (1989).

The one prior conviction on which the court based its finding of an aggravating factor here was defendant's conviction in 1973 for manufacturing marijuana. Given the facts of this case and the fact that defendant's prior conviction was for the same offense for which defendant was currently being sentenced, we cannot

conclude that the sentence imposed is manifestly unsupported by reason or constitutes an abuse of discretion. Accordingly, the trial court did not err in its imposition of the maximum term of imprisonment of five years.

No error.

Judges WELLS and PARKER concur.