STATE OF NORTH CAROLINA v. ARTHUR EUGENE YOUNG, III, Defendant

No. COA07-671

(Filed 6 May 2008)

### 1. Probation and Parole— revocation—firearms possession—sufficiency of evidence

A judge's decision to revoke a probationary sentence was supported by competent evidence showing constructive possession of firearms in violation of a condition of the probation. Although the State was not able to show that defendant had exclusive possession of the premises, defendant knew the precise location of several firearms during a search by an officer, needed no assistance in locating them, appeared to make statements demonstrating ownership, did not object to statements suggesting ownership, and offered no evidence to the contrary.

### 2. Probation and Parole— revocation—only one ground necessary—other issues not considered on appeal

Evidence of firearms possession was sufficient to show a violation of a probation condition and to support revocation, and issues relating to drug possession were not considered on appeal.

Appeal by defendant from judgment entered 1 March 2007 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 January 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Spurgeon Fields, III, for the State.*

*Jon W. Myers, for defendant.*

ELMORE, Judge.

Prior to a probation revocation hearing on 28 February 2007, Arthur Eugene Young, III (defendant), pled guilty to two separate crimes in separate proceedings. Defendant received a suspended sentence and supervised probation in each instance.

During the probationary period, defendant received a visit by a police officer at the home he shared with his girlfriend and another person. Defendant's name was not on the lease. The facts tended to show that the officer requested permission from defendant

to enter the home to conduct a narcotics investigation. Defendant granted permission.

While inside, the officer asked if there were any drugs in the house. In response, defendant went to the refrigerator freezer and retrieved what appeared to be two bags of marijuana. The officer then asked if there were any more drugs in the house. Defendant led him to a bedroom where what appeared to be cocaine was in plain view. The detective also found what appeared to be cocaine in defendant's rear pants pocket. The officer then asked if there were any weapons in the house. Defendant led the officer through the house and produced four weapons.

Defendant was charged with violating the conditions of his probation by having controlled substances in his possession, by violating the rules of the structured day program by having controlled substances in his possession, and by having deadly weapons in his possession.

Prior to the probation revocation hearing, defendant's motion for discovery directed to alleged controlled substances was denied. At the probationary hearing, defendant renewed his motion for discovery, which was again denied. Defendant presented no evidence at the hearing and made no motions or objections regarding the handguns. The court found defendant in violation of each of the three conditions of probation. Defendant now appeals the revocation of probation and activation of the suspended sentences.

A hearing to revoke a defendant's probationary sentence only requires "that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *State v. Guffey*, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960) (citations omitted).

[1] Defendant first argues that there was insufficient evidence to revoke his probation on the basis of firearm possession, contending that there is insufficient evidence that he exercised ownership or exclusive possession of the firearms.

"Possession of a firearm may . . . be actual or constructive." *State v. Boyd*, 154 N.C. App. 302, 307, 572 S.E.2d 192, 196 (2002) (citation omitted). Constructive possession of an item exists when a person does not have the item in "physical custody, but . . . nonetheless has the power and intent to control its disposition." *State v. Alston*, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (citation omitted). The State does not dispute defendant's contention that no firearms were found in his actual possession. However, the question remains whether the firearms located in the home were in his constructive possession. Defendant argues that there was insufficient evidence to show constructive possession of the firearms. In particular, defendant highlights the State's failure to offer physical evidence, such as fingerprints, permits, or other proof of ownership linking him to the weapon. Although these might be the ideal forms of evidence to support a finding of constructive possession, other facts support such a finding.

At the hearing, the officer explained how the weapons were found:

Q. Was the defendant asked if there was [sic] any weapons in the residence?

A. Yes; he was.

Q. What was the defendant's response, if any?

A. He advised *he did have weapons* at which time he directed us through the residence to locate same.

Q. How many weapons did you find?

A. There were a total of four weapons found.

Q. Can you describe where these weapons were found and what exactly these weapons were?

A. Yes; one weapon was a Tech 9 which was located under the pillow in the master bedroom. The other was a shotgun, Mossberg 12 gauge shotgun, which was located under the mattress of the bed. The other was a 38 cal. handgun. It was found in the sofa, stuck down in the sofa. *And the other weapon was a revolver that was also found under the mattress in his bedroom.*

(Emphasis added). The testimony showed that defendant claimed ownership of firearms and that at least one of the firearms was purportedly located in his bedroom. Though the formal rules of

evidence do not apply in a probation revocation hearing, N.C. Gen. Stat. § 15A-1345(e) (2007), defendant raised no objection to these statements suggesting ownership and offered no evidence to the contrary. Further testimony showed that defendant told the officer exactly where each of the weapons was located. On cross-examination, the officer stated, "All I can say is when asked about those items he took us directly to them and told us exactly where they were."

That defendant knew the precise location of the several firearms, needed no assistance in locating them, and appeared to make statements demonstrating ownership, is strong evidence that defendant had the power and intent to control them. Furthermore, defendant never made statements either during the search or at trial denying ownership.

Defendant nevertheless contends that there is no proof of possession of the firearms because there is no evidence demonstrating that he had exclusive possession or control over the residence.

Though ownership or lease of a premises in which contraband is found can give rise to the inference of constructive possession, "the State is not *required* to establish that a defendant owned or leased the premises on which contraband is found in order to prove control of such premises by defendant." *State v. Tate*, 105 N.C. App. 175, 179, 412 S.E.2d 368, 371 (1992) (citing *State v. Leonard*, 87 N.C. App. 448, 456, 361 S.E.2d 397, 402 (1987)). "[W]here there is no evidence of ownership or of exclusive possession of the premises on which controlled substances are found, constructive possession may be inferred if the defendant has nonexclusive possession of the premises and there are accompanying incriminating circumstances." *Id.* at 180, 412 S.E.2d at 371 (citing *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987)).

Though the State was not able to show that defendant had exclusive possession of the premises, the evidence showing ownership of the firearms, described above, establishes sufficient incriminating circumstances to support constructive possession. Though evidence showed that another person was at the residence at the time of the search, defendant needed no assistance in locating and procuring the firearms; he went directly to the places in the leased premises and retrieved the items himself. During the search, defendant never stated that the weapons were not his, nor did he make such a claim at the revocation hearing.

The judge's decision to revoke the probationary sentence was supported by competent evidence showing constructive possession of firearms in violation of a condition of probation. As defendant failed to offer any evidence showing that the violation was not willful or with lawful excuse, we find no error.

[2] Defendant also argues that denial of his motion for discovery relating to drug possession was reversible error. However, we need not address this issue, because the "breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence." *State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973). Because evidence presented as to the firearms possession was sufficient to show a violation of a probation condition, the violation of that condition of probation alone was sufficient for the court to revoke his probationary sentence.

Having conducted a thorough review of the briefs and records, we find no error.

No error.

Judges WYNN and BRYANT concur.