**STATE v. BOONE**

[225 N.C. App. 423 (2013)]

STATE OF NORTH CAROLINA
v.
ALVANIA BOONE, JR., Defendant

No. COA12-675

Filed 5 February 2013

**Probation and Parole—revocation—insufficient evidence of violation**

The trial court erred by revoking defendant's probation and activating his jail sentence for failing to complete any of his community service, being $700 in arrears of his original balance, and being $150 in arrears of his supervision fee. The State failed to present evidence of a payment plan and schedule for community service or any evidence that defendant had not paid his required fines or performed his required community service at the time of the revocation hearing.

Appeal by defendant from judgment entered on or about 7 February 2012 by Judge Joseph N. Crosswhite in Superior Court, Davidson County. Heard in the Court of Appeals 10 January 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Deborah M. Greene, for the State.*

*Appellate Defender Staples Hughes by Assistant Appellate Defender Jon H. Hunt and Benjamin Dowling-Sendor, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from judgment entered on or about 7 February 2012 revoking his probation and activating his sentence of 120 days confinement in the local jail. Defendant argues that there was insufficient evidence that he violated the terms of his probation to justify the revocation. For the following reasons we agree and reverse the superior court's judgment.

On or about 7 October 2009, Alvania Boone, Jr. ("defendant") pleaded guilty to one count of operating a motor vehicle while subject to an impairing substance and was sentenced to 120 days confinement suspended for one year of supervised probation. The trial court ordered defendant to perform 48 hours of community service, although no date for completion of the community service was noted on the judgment, and to pay $1,385 in costs, fines, and fees, as well as

the probation supervision fee. The schedule required for defendant's payments and community service was to be established by the probation officer.

On or about 6 April 2010, Probation Officer Lisa Ratcliffe filed a violation report alleging that defendant had willfully violated his probation by failing to complete any of his community service, being $700 in arrears of his original balance, and being $150 in arrears of his supervision fee. Defendant denied all of the violations. The District Court, Davidson County, ordered defendant's probation revoked after finding that defendant had violated the terms of his probation. Defendant appealed to Superior Court, which held a revocation hearing and, by judgment entered on or about 7 February 2012, also found that defendant had willfully violated the terms of his probation and revoked his probation. Defendant gave notice of appeal in open court.

Defendant contends that there was no evidence presented that he violated the terms of his probation because the State failed to present evidence of a payment plan and schedule for community service or any evidence that defendant had not paid his required fines or performed his required community service at the time of the revocation hearing. We agree.

> A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.

*State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and quotation marks omitted).

The only testimony presented at the revocation hearing was from Officer Lisa Radcliffe, a probation and parole officer who had been supervising defendant at the time she filed the violation report, but was no longer supervising defendant at the time of the revocation hearing 22 months later.[1] Officer Radcliffe's testimony concerning defendant's alleged violations was as follows:

---

1. Defendant's probation was not extended past October 2010, but had been held open by the filing of the violation report.

[Officer Radcliffe]: Your Honor, at the time of the violation, number one was that he had failed to complete any of the 48 hours community service ordered by the courts. Number two, he was in arrearage $700 of his original obligation of $1385. And number three, he was in arrearage $150 in his supervision fees.

[Prosecutor]: So did you have any conversation with him about his community service hours or—

[Officer Radcliffe]: Yes, sir. He wasn't able to get a ride . for community service so he wanted to do 48 hours in custody in lieu of community service.

[Prosecutor]: And what did you tell him?

[Officer Radcliffe]: He would be asking the Judge—my boss would not allow me to do that. He can do the community service that he was ordered. But he said he does not have a ride to the landfill.

[Prosecutor]: What about the money? Did you have any conversation with him about the money?

[Officer Radcliffe]: He did give me a receipt. I do not have that file with me. But he had paid in some monies towards this case. Also, a reason for him being violated is he's on for DWI and he has a pending DWI and it has been appealed to Superior Court also.

Officer Radcliffe never testified as to any payment schedule that had been established or any schedule for defendant's community service obligation. At the time of the violation report, six months remained on his probation. The initial judgment entered against defendant required 48 hours of community service, but did not specify a time within which that service was to be completed. Instead, the trial court left the scheduling for both a payment plan for all assessed fees and fines and the community service schedule to defendant's probation officer. Absent *any* evidence of a required payment schedule, Officer Radcliffe's conclusory testimony that defendant was in arrears is insufficient to support a finding that defendant had willfully violated the terms of his probation by failing to pay the required fees or perform community service on time.

Therefore, we hold that the trial court's findings were not supported by the evidence and that the trial court erred in revoking

defendant's probation. Accordingly, we reverse the trial court's judgment revoking defendant's probation and activating his sentence. *See State v. Sherrod*, 191 N.C. App. 776, 782, 663 S.E.2d 470, 475 (2008) (reversing the trial court's revocation of probation where the evidence did not support the findings).

REVERSED.

Judges HUNTER, JR., Robert N. and DAVIS concur.