TYSON, Judge.
Lee Richmond Waddell ("Defendant") appeals from a judgment entered after a jury convicted him of possession of methamphetamine. We find no error.
I. Background
In December 2015, Defendant was serving post-release supervised probation for an unrelated offense. Probation Officer Michelle Creech was assigned to supervise Defendant. Ms. Creech visited Defendant's residence regularly to monitor Defendant's compliance with the terms of his probation. Defendant lived in a house along with approximately eight other people, including his father.
After receiving anonymous complaints about suspicious activity, heavy traffic, and possible drug activity at Defendant's residence, Ms. Creech decided to visit the home and conduct a search. On 27 April 2016, Ms. Creech, together with Johnston County Sheriff's Department detectives, arrived at Defendant's home to conduct the search.
Defendant was present during the visit and consented to the search of the residence. Ms. Creech and her co-worker, Kimberly Haswell, stayed with Defendant in the kitchen of the house, while the detectives conducted the search. The detectives asked Defendant to identify the bedroom he slept in. Defendant told them he slept in a bedroom of the house in which the family kept snakes as pets.
Inside the bedroom were snakes contained inside of cages, a bed, a nightstand next to the bed, and at the foot of the bed was a chest of drawers. The detectives discovered a shotgun located inside of one of the drawers. On the nightstand was mail addressed to Defendant. The detectives also discovered a plastic bag containing a white powdery substance that detectives suspected contained methamphetamine.
Defendant denied that he owned or possessed the bag found and recovered by the detectives on the floor of the bedroom, but admitted he had used methamphetamine within the week prior to the search. The bag was sent to the State Bureau of Investigation ("SBI") lab for analysis. An SBI chemist determined the substance therein contained methamphetamine. Defendant was subsequently indicted for possession of methamphetamine, possession of a firearm by a felon, and of obtaining habitual felon status.
At trial on 12 December 2016, Jeremy Creech, one of the detectives who had searched Defendant's residence, testified how he had become involved in the case. Detective Creech testified he is married to Defendant's probation officer, Michelle Creech. He stated his wife had shared the anonymous complaints she had received about the suspicious events at Defendant's residence in April 2016. Detective Creech further testified that later that month, he was surveilling a home in Kenly, North Carolina, whose residents were suspected of dealing methamphetamine. During the course of his surveillance, Detective Creech observed Defendant on the porch of the Kenly home. A picture of Defendant on the porch of the home in Kenly was shown at trial and admitted into evidence without Defendant's objection.
After deliberating, the jury convicted Defendant of possession of methamphetamine, but deadlocked on the charge of possession of a firearm by a convicted felon and the court declared a mistrial on that charge. Defendant pled guilty to having obtained habitual felon status. The trial court sentenced Defendant to an active prison term of 50 to 72 months. Defendant gave oral notice of appeal.
II. Jurisdiction
Jurisdiction lies in this Court as an appeal of a final judgment in a criminal case from superior court following a jury's verdict of guilty. N.C. Gen. Stat. § 7A-27(b) (2015) and § 15A-1444(a) (2015).
III. Issues
Defendant asserts the trial court committed plain error in admitting the testimony of Detective Creech regarding Defendant's presence on the porch of a suspected drug house in Kenly. Defendant also argues the trial court committed plain error by failing to instruct the jury that it could not infer Defendant's constructive possession of methamphetamine.
IV. Standard of Review
Defendant acknowledges that he did not object to these alleged errors at trial. See N.C. R. App. P. 10(a)(4) (allowing review on appeal in criminal cases where defendant fails to raise an objection at trial). Plain error is "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quotation marks and citation omitted). Under plain error analysis, a defendant must show "the error was so fundamental that, absent the error, the jury probably would have reached a different result [,]" to be granted a new trial. State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).
V. Analysis
A. Evidence of Defendant's Presence on Porch of Home Under Surveillance
Detective Creech testified concerning his surveillance of the home in Kenly, which he alleged to be connected to methamphetamine trafficking:
During that operation, I had a visual of the target address, in which we sent a confidential informant to that address to purchase methamphetamine from Jeremy Price, during which time I identified Mr. Lee Waddell standing on the front porch of Mr. Price's address during that operation. I made the detective who was the case agent aware of [sic] Mr. Lee Waddell was at this location and that I had prior knowledge and information that Mr. Lee Waddell was involved, possibly, in methamphetamine.
The State submitted into evidence a still photograph of Defendant from the video footage of Detective Creech's surveillance of Jeremy Price's home in Kenly. The photograph shows Defendant standing on the front porch of the surveilled property. Detective Creech testified he had observed Defendant on the porch of the home on 21 April 2016, six days prior to the search of Defendant's residence on 27 April 2016.
Police eventually executed a search warrant of the suspected drug house in Kenly. Police recovered methamphetamine, scales, and baggies from that search. The State attempted to offer the evidence obtained from that search at trial. Following a voir dire hearing, the trial court sustained defense counsel's objection to the admission of the evidence obtained from the search of the house in Kenly and excluded that evidence.
Defendant asserts that because the properly admitted evidence of his constructive possession of methamphetamine was not overwhelming, the purportedly erroneous admission of the evidence of his presence at the Kenly drug house under police surveillance had a probable impact on the jury's verdict. However, Defendant testified he had used methamphetamine within the week prior to the search of his residence on 27 April 2016. In light of Defendant's admission to using methamphetamine in the same week he was seen on the porch of the drug house in Kenly, Defendant was not prejudiced by the inclusion of the challenged testimony of Detective Creech.
Defendant cites State v. Strickland to support his contention that he is entitled to a new trial. He argues the evidence of methamphetamine activity at the house surveilled by police in Kenly, was "wholly irrelevant and collateral to the issue involved, and could easily have been harmful in its tendency to arouse the prejudice or warp the judgment of the jury [.]" Strickland, 208 N.C. 770, 771, 182 S.E. 490, 491 (1935). Strickland involved a trial court overruling the defendant's objection to and motion to strike testimony from his daughter, asserting she had been born before the defendant and her mother were married. Id. Our Supreme Court held the admission of the challenged testimony to be prejudicial error. Id. The Court stated the "testimony was wholly irrelevant and collateral to the issue involved, and could easily have been harmful in its tendency to arouse the prejudice or warp the judgment of the jury[.]" Id.
Defendant's reliance upon Strickland is unavailing, because that case is factually and legally distinguishable from the case at bar. Strickland is not a case where the Supreme Court applied plain error review to a trial court's ruling, and it is irrelevant to the issue of whether the trial court committed plain error in admitting Detective Creech's challenged testimony. Defendant admitted on cross-examination to having used methamphetamine within a week of the bag of methamphetamine being discovered inside his residence, within the bedroom he identified as his. Defendant also testified to his extensive prior record of drug related offenses, including possession of methamphetamine and methamphetamine precursor, and attempted trafficking in opiates by possession and sale. Defendant has failed to demonstrate that the admission of the challenged testimony had a probable impact on the jury's finding of guilt or prejudiced him in light of his admission to using methamphetamine within the week of the search. See Jones, 355 N.C. at 125, 558 S.E.2d at 103.
Defendant's admission of using methamphetamine supports an inference that he had the means and opportunity to obtain methamphetamine, independently of the challenged evidence of his presence on the front porch the house in Kenly under surveillance for methamphetamine dealing. Defendant's argument is overruled.
Whether or not the admission of Detective Creech's testimony was error, we conclude that Defendant has failed to demonstrate that the testimony altered the outcome of his trial, or prejudiced his defense, to award a new trial under plain error review. Defendant's argument is overruled.
B. Constructive Possession Instruction
Defendant asserts that the trial court committed error by failing to instruct the jury that where actual possession of the premises is non-exclusive, constructive possession of contraband may not be inferred without other incriminating circumstances. We disagree.
Plaintiff failed to object to the challenged jury instruction at trial. We review for plain error. N.C. R. App. P. 10(a)(4).
"In deciding whether an omission or defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." Odom, 307 N.C. at 661, 300 S.E.2d at 378-79. The relevant sections of the trial court's jury instruction on Defendant's possession of methamphetamine charge are as follows:
The defendant has been charged with possessing methamphetamine, a controlled substance. For you to find the defendant guilty of this offense, the State must prove beyond a reasonable doubt that the defendant knowingly possessed methamphetamine. Methamphetamine is a controlled substance. A person possesses a controlled substance when the person is aware of its presence and has both the power and intent to control its disposition or use of that substance. Possession of a substance may be either actual or constructive.(Emphasis supplied).
A person has actual possession of a substance if the person has it on the person, is aware of its presence, and has both the power and intent to control its disposition or use. A person has constructive possession of a substance if the person does not have it on the person but is aware of its presence and has both the power and intent to control its disposition or use. A person's awareness of the presence of a substance and the person's power and intent to control its disposition or use may be shown by direct evidence or it may be inferred from the circumstances.(Emphasis supplied).
If you find beyond a reasonable doubt that a substance was found in certain premises and that the defendant exercised control over those premises, whether or not the defendant owned them, this would be a circumstance from which you may infer that the defendant was aware of the presence of the substance and had the power and intent to control its disposition or use.
If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed a controlled substance, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt, it would be your duty to return a verdict of not guilty.
After reviewing the entire instruction and record, we cannot conclude the trial court's instruction concerning constructive possession constituted plain error. "Under the theory of constructive possession, a person may be charged with possession of an item such as narcotics when he has both 'the power and intent to control its disposition or use[.]' " State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (quoting State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972) ). "In North Carolina, an inference of constructive possession arises against an owner or lessee who occupies the premises where contraband is found, regardless of whether the owner or lessee has exclusive or nonexclusive control of the premises." State v. Tate, 105 N.C. App. 175, 179, 412 S.E.2d 368, 370-71 (1992).
However, with regard to ownership of the premises, this Court has held:
Though ownership or lease of a premises in which contraband is found can give rise to the inference of constructive possession, "the State is not required to establish that a defendant owned or leased the premises on which contraband is found in order to prove control of such premises by defendant."
State v. Young, 190 N.C. App. 458, 461, 660 S.E.2d 574, 577 (2008) (quoting Tate, 105 N.C. App. at 179, 412 S.E.2d at 371 ) (emphasis original). In other words, ownership, or leasehold, of the premises is a factor to consider, but it is not necessary to establish a defendant's control over premises. See id.
Defendant did not dispute he had lived at his father's house for all of his life. Defendant asserts because other family members had access to the premises, including Defendant's father, Defendant's niece, Defendant's nephew, Defendant's niece's husband, two female relatives, and three children, Defendant did not have exclusive possession of the premises.
Defendant argues that when "possession of the premises is nonexclusive, constructive possession of the contraband materials may not be inferred without other incriminating circumstances." State v. Harrington, 171 N.C. App. 17, 24, 614 S.E.2d 337, 344-45 (2005) (citation omitted). Presuming arguendo, Defendant did not exercise exclusive possession of the room where the bag of methamphetamine was found, other substantial and incriminating evidence shows Defendant's constructive possession and the power to control the methamphetamine found.
The police detectives and Defendant's probation officer testified that Defendant told them his bedroom was the one with the snakes inside it. Defendant told detectives the snakes were his pets. In the "snake bedroom" the detectives discovered mail addressed to Defendant on the nightstand next to which the bag of methamphetamine was recovered. Defendant's claiming of the snakes in the bedroom as his pets and the mail addressed to him are substantial incriminating evidence of Defendant's control over the premises. See State v. Bradshaw, 366 N.C. 90, 96-97, 728 S.E.2d 345, 349-50 (2012) (finding sufficient "other incriminating circumstances" to show defendant's nonexclusive dominion and control over bedroom containing cocaine and illegal firearm where bedroom contained mail and other documents bearing defendant's name); State v. Morgan, 111 N.C. App. 662, 665, 432 S.E.2d 877, 879-80 (1993) (finding sufficient incriminating evidence when officers found defendant's clothing, wallet, and documents in the same bedroom and bathroom area as cocaine). Here, Defendant also admitted to using methamphetamine within the week prior to police discovering the bag. The State offered substantial incriminating circumstances from which Defendant's constructive possession of the methamphetamine could be inferred. See Harrington, 171 N.C. App. at 24, 614 S.E.2d at 344-45.
Defendant argues there are contradictions in the evidence, which purportedly undercut the validity of an instruction on constructive possession. Defendant testified he did not tell the detectives the room with the snakes was his bedroom, but that he would sleep in there on occasion. The detectives testified Defendant had told them the room with his snakes inside was his bedroom. Any contradictions or discrepancies in the Defendant's and the detectives' versions of the evidence were for the jury to resolve. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citation omitted). Defendant has failed to demonstrate any plain error or prejudice in the trial court's instruction to the jury on constructive possession.
Even were we to presume, arguendo, the trial court erred in instructing the jury on Defendant's possession of methamphetamine charge, we cannot conclude, under plain error review, the jury would likely have reached a different verdict had the trial court instructed the jury in the manner advocated by Defendant. Defendant's argument is without merit and his argument is overruled.
VI. Conclusion
The trial court did not commit plain error in admitting the evidence of Defendant's presence at a suspected drug house in Kenly. The trial court properly instructed the jury on constructive possession. Defendant received a fair trial, free from errors he preserved and argued. Defendant has failed to demonstrate any plain error to award a new trial. It is so ordered.
NO ERROR.
Report per Rule 30(e).
Judges CALABRIA and DAVIS concur.