IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-98

 No. COA20-706

 Filed 6 April 2021

 Buncombe County, Nos. 14 CRS 081108-10, 090034

 STATE OF NORTH CAROLINA,

 v.

 JAQUAN STEPHON GETER, Defendant.

 Appeal by Defendant from judgments entered 15 July 2020 by Judge R.

 Gregory Horne in Buncombe County Superior Court. Heard in the Court of Appeals

 10 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Liliana R.
 Lopez, for the State.

 Jason Christopher Yoder for Defendant-Appellant.

 GRIFFIN, Judge.

¶1 Defendant Jaquan Stephon Geter appeals from judgments revoking his

 probation. Defendant argues that the trial court erred by finding good cause to revoke

 his probation after the probationary period expired. Upon review, we affirm the trial

 court’s ruling.

 I. Factual and Procedural Background

¶2 On 29 August 2016, Defendant pled guilty to possession of a firearm by a felon,

 resisting a public officer, possession of a stolen motor vehicle, and eluding arrest with
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 a motor vehicle. Pursuant to the plea arrangement, Defendant received a suspended

 sentence and was placed on 18 months of supervised probation, due to expire 28

 February 2018.

¶3 In February 2018, Probation Officer Jenni Holste filed violation reports

 alleging, inter alia, that Defendant had been charged with possession of marijuana,

 possession of drug paraphernalia, maintaining a vehicle or dwelling place for keeping

 or selling controlled substances, and possession of a firearm by a felon. Defendant

 later filed a motion to suppress evidence with respect to the charges, which was

 granted on 22 February 2019. The State subsequently dismissed the charges.

¶4 On 4 April 2019, the trial court entered judgments revoking Defendant’s

 probation based on the charges alleged in Officer Holste’s violation reports. The

 revocation occurred approximately 399 days after Defendant’s probationary period

 expired. Defendant then appealed to this Court.

¶5 On appeal, we remanded this matter to the trial court because the judgments

 revoking Defendant’s probation did not indicate (1) which of the four alleged criminal

 offenses served as the basis for revoking Defendant’s probation; and (2) whether good

 cause existed to revoke Defendant’s probation after the probationary period expired.

 State v. Geter, ___ N.C. App. ___, 843 S.E.2d 489, 2020 WL 3251033, at *5 (2020)

 (unpublished).

¶6 This matter came on for rehearing on 15 July 2020 in Buncombe County
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 Superior Court. At the conclusion of the hearing, the trial court found that good cause

 existed to revoke Defendant’s probation after the probationary period expired because

 the charges forming the basis of the violations were not resolved before the

 probationary period ended. The trial court reasoned that the disposition of those

 charges “would have had a direct impact on the later hearing of the probation

 violation.” The court then entered judgments revoking Defendant’s probation. The

 judgments identified the specific criminal offenses that formed the basis of the

 revocation and included findings that “good cause exist[ed] to revoke Defendant’s

 probation despite the expiration of his probationary period[.]” Defendant gave oral

 notice of appeal in open court.

 II. Analysis

¶7 Defendant argues that the trial court erred by finding good cause to revoke his

 probation after it expired because “the ‘good cause’ found by the trial court failed as

 a matter of law[.]” We disagree.

¶8 “A hearing to revoke a defendant’s probationary sentence only requires that

 the evidence be such as to reasonably satisfy the judge in the exercise of his sound

 discretion that the defendant has willfully violated a valid condition of probation[.]”

 State v. Young, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and

 internal quotation marks omitted). “Accordingly, the decision of the trial court is

 reviewed for abuse of discretion.” State v. Murchison, 367 N.C. 461, 464, 758 S.E.2d
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 356, 358 (2014) (citation omitted).

¶9 N.C. Gen. Stat. § 15A-1344(f) provides in pertinent part:

 The court may extend, modify, or revoke probation after
 the expiration of the period of probation if all of the
 following apply:

 (1) Before the expiration of the period of probation
 the State has filed a written violation report with the
 clerk indicating its intent to conduct a hearing on
 one or more violations of one or more conditions of
 probation.

 (2) The court finds that the probationer did violate
 one or more conditions of probation prior to the
 expiration of the period of probation.

 (3) The court finds for good cause shown and stated
 that the probation should be extended, modified, or
 revoked.

 Id. § 15A-1344(f)(1)-(3) (2019).

¶ 10 Pursuant to subsection (f)(3), the trial court is required to make a “finding of

 good cause shown and stated to justify the revocation of probation even though the

 defendant’s probationary term has expired.” State v. Morgan, 372 N.C. 609, 617, 831

 S.E.2d 254, 259 (2019) (internal quotation marks omitted). “[I]n the absence of [the]

 statutorily mandated factual finding[]” of good cause, “the trial court’s jurisdiction to

 revoke probation after expiration of the probationary period is not preserved.” Id. at

 617-18, 831 S.E.2d at 260 (citation and internal quotations marks omitted).

¶ 11 Although the trial court in the instant case did make the required factual
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 finding of good cause, Defendant argues that this Court’s decision in State v. Sasek,

 ___ N.C. App. ___, 844 S.E.2d 328 (2020), requires us to vacate the trial court’s

 judgments revoking Defendant’s probation. In Sasek, the trial court revoked the

 defendant’s probation approximately “fourteen months after his probation expired”

 without making the required finding of good cause. Id. at ___, 844 S.E.2d at 334.

 Additionally, there was no evidence in the record to indicate that good cause existed

 to justify the untimely revocation. Id. This Court held that, when a trial court fails

 to make the required finding of good cause to revoke a defendant’s probation after it

 has expired, the appropriate remedy on appeal is to vacate the trial court’s judgment

 unless there is evidence in the record to indicate that good cause existed to justify the

 delay. Id. If the record contains evidence of good cause, however, “the case must be

 remanded so that proper findings can be made.” Id. Because the trial court in Sasek

 failed to make a finding of good cause, and no evidence in the record indicated that

 good cause existed to justify the untimely revocation, this Court vacated the trial

 court’s judgment revoking the defendant’s probation. Id. at ___, 844 S.E.2d at 335.

¶ 12 We find the holding in Sasek inapplicable to the facts of the instant case. In

 Sasek, this Court only vacated the trial court’s judgment after first holding that “the

 trial court erred by not making the required finding that good cause existed to revoke

 [the] [d]efendant’s probation after his probation period had expired.” Id. (emphasis

 added). Here, the trial court did, in fact, make the required finding of good cause
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 under N.C. Gen. Stat. § 15A-1344(f)(3).

¶ 13 The trial court’s finding of good cause is also supported by the facts in the

 record. At the conclusion of Defendant’s revocation hearing, the trial court stated, “it

 is clear to the Court that the State waited until the disposition of the underlying

 offenses alleged before proceeding with the probation violation. The Court would find

 this would constitute good cause.” Additionally, Officer Holste’s violation reports

 were filed only weeks before Defendant’s probation was due to expire, and the record

 indicates that Buncombe County only holds one session of hearings per week in

 criminal cases.

¶ 14 Our review of caselaw and our General Statutes has revealed no specific set of

 factors that must be considered in evaluating whether “good cause” exists under N.C.

 Gen. Stat. § 15A-1344(f)(3). Absent such a standard, we hold that the trial court did

 not err by finding good cause to revoke Defendant’s probation after the probationary

 period expired. Unlike in Sasek, the trial court’s judgments included the “statutorily

 mandated factual findings” of good cause to justify the untimely revocation. Morgan,

 372 N.C. at 617, 831 S.E.2d at 260. Moreover, the evidence in the record supports

 the trial court’s finding that good cause existed for the delay.

¶ 15 We note that the trial court in this case proceeded to revoke Defendant’s

 probation approximately 399 days after his probationary period expired. While we

 find this delay significant and unadvisable in the administration of justice, we cannot
 STATE V. GETER

 2021-NCCOA-98

 Opinion of the Court

 conclude that the trial court abused its discretion in finding good cause to justify the

 revocation.

 III. Conclusion

¶ 16 For the reasons stated herein, we hold that the trial court did not err by finding

 good cause to revoke Defendant’s probation after the probationary period expired.

 AFFIRMED.

 Judges DIETZ and ZACHARY concur.