An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-926

Filed: 21 April 2015

Wayne County, Nos. 12 CRS 5176, 50514

STATE OF NORTH CAROLINA

    v.

RAYANNA L. PATIN

Appeal by defendant from judgments entered 7 April 2014 by Judge Arnold O. Jones, II, in Wayne County Superior Court. Heard in the Court of Appeals 7 January 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Torrey D. Dixon, for the State.*
>
> *Winifred H. Dillon for defendant-appellant.*

DIETZ, Judge.

Defendant Rayanna Patin appeals the trial court's revocation of her probation and activation of her sentences in two separate drug offense cases. After repeatedly violating the conditions of her probation and serving 90-day periods of incarceration, Patin tested positive for marijuana, violating a condition of her probation. The State sought to revoke her probation based on the failed drug test and her failure to pay her court debt.

The trial court revoked Patin's probation in both cases, finding that she violated both conditions alleged by the State (the failed drug test and the failure to pay court debt). The court did not check the box on the judgment form indicating that each violation, standing alone, was sufficient in the trial court's discretion to revoke Patin's probation.

Patin argues that the trial court erred because there was insufficient evidence to show that she failed to pay her court debt. We agree with respect to one of her two cases, where the probation violation report abruptly ends mid-sentence without including any details of the amount Patin owes in court debt. We also hold that the trial court erred in its calculation of jail fees in that case (an error the State concedes on appeal). We therefore vacate and remand that case for further proceedings consistent with this opinion. We affirm the revocation of Patin's probation in the second of her two criminal cases.

**Facts and Procedural History**

On 29 February 2012, Rayanna Patin pleaded guilty to possession of pseudoephedrine with the intent to manufacture methamphetamine in Wayne County Case No. 12 CRS 50514. The trial court sentenced her to 13-25 months imprisonment, suspended her sentence, ordered her to serve 120 days in jail, and placed her on 36 months supervised probation. As conditions of her probation, the court ordered Patin to "[n]ot use, possess, or control any illegal drug or controlled

substance," to submit to a substance abuse assessment, to not possess any drug paraphernalia, and to pay the necessary jail fees.

Seven months later, on 18 September 2012, Patin again pleaded guilty to possession of pseudoephedrine with the intent to manufacture methamphetamine in Lenoir County Case No. 11 CRS 50728, which became Wayne County Case No. 12 CRS 5176. The trial court sentenced Patin to 15-18 months imprisonment, suspended her sentence, ordered her to serve 120 days in jail, and placed her on supervised probation for 36 months. The court also gave her credit for 206 days of pretrial confinement.

On 17 October 2012, Patin's probation officer filed two probation violation reports (one for each case) alleging that Patin violated her probation by residing with a person also on probation for the possession or distribution of a methamphetamine precursor. Patin admitted to violating the terms of her probation and the court ordered her to serve 90 days confinement with 19 days of credit. The court modified her probation, ordering her to six months of house arrest with electronic monitoring, to submit to drug screens, and to not test positive for drugs.

On 7 June 2013, Patin's probation officer filed two probation violation reports alleging that Patin violated her probation by being in arrears on her court debt in both cases. Two days later, her probation officer filed additional violation reports alleging that Patin moved once in April, twice in May, and again in June without

notifying her probation officer.  On 1 July 2013, the trial court found Patin violated the terms of her probation and ordered her to serve 90 days confinement with 21 days of credit.

Patin's probation officer filed two more violation reports on 1 April 2014 alleging that Patin violated the terms of her probation by testing positive for marijuana and being in arrears on her court debt.  The trial court held a hearing on 7 April 2014 and Patin waived her right to counsel.  At the hearing, Patin admitted to testing positive for marijuana stating that she relapsed after suffering a miscarriage.  The trial court found that Patin violated the terms of her probation as set out in the violation reports and revoked her probation.  The court activated her sentences in each case and ordered them to run consecutively.  The court also ordered the arrearages in each case be entered as civil judgments.  Patin timely appealed.

## Analysis

### I.    Jail Fees

Patin first argues that the amount of jail fees the court ordered her to pay as part of the judgment in Case No. 12 CRS 5176 exceeded the amount she was obligated to pay under N.C. Gen. Stat. § 7A-313.  The State concedes that the trial court erred in its calculation of jail fees and we agree.

After a conviction, a defendant may be assessed costs by the court, including jail fees.  N.C. Gen. Stat. § 7A-304(c) (2013).  Under N.C. Gen. Stat. § 7A-313 (2013),

a person who is "lawfully confined in jail awaiting trial" is liable for costs "for each 24 hours' confinement, or fraction thereof." Prior to August 2011, the jail fee was set at $5.00 per day. N.C. Gen. Stat. § 7A-313 (2011). In 2011, the General Assembly amended the statute to raise the fee from $5.00 per day to $10.00 per day to be effective 1 August 2011. 2011 N.C. Sess. Laws 145 § 31.26(e).

Here, Patin pleaded guilty to possession of pseudoephedrine with the intent to manufacture methamphetamine and the court assessed her costs at $2,424.50, which included $2,060 in jail fees. The court gave her credit for 206 days of pretrial confinement. Thus, the court assessed Patin a jail fee of $10.00 per day for the entire 206 days.

Patin was arrested on 18 March 2011 and confined in the Lenoir County Jail. On 12 August 2011, she posted bail and the court released her on bond. From 18 March 2011 to 31 July 2011, 136 days of the 206 day credit, Patin was subject to the earlier version of N.C. Gen. Stat § 7A-313 effective prior to 1 August 2011 and the court should have assessed Patin a jail fee of $5.00 per day during this time. Because the court assessed a $10.00 per day fee for the entire 206 day credit, Patin's jail fee exceeded the amount authorized by statute. Therefore, we vacate this portion of the trial court's order and remand to the trial court for the proper jail fee assessment.

## II. Jurisdiction to Revoke Probation

Patin next argues that the trial court lacked jurisdiction to enter a judgment revoking her probation in Case No. 12 CRS 5176 because the violation report in that case did not provide sufficient notice of the alleged violation. We disagree.

Before a court can revoke a defendant's probation, it must hold a hearing. N.C. Gen. Stat. § 15A-1345(e) (2013). "The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged." *Id.* The purpose of this notice "is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act. *State v. Hubbard*, 198 N.C. App. 154, 158, 678 S.E.2d 390, 393 (2009).

Here, the allegations of the probation violation report stated that Patin willfully violated:

> 1. Condition of Probation "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it . . ." in that
> THE DEFENDANT TESTED POSITIVE [FOR] MARIJUANA ON 03/26/2014. JUDGE ARNOLD JONES ORDERED ON 11/05/2012, IF THE DEFENDANT TEST POSITIVE FOR ANY ILLEGAL DRUGS SHE IS TO BE ARRESTED UNDER A $30,000.00 BOND.
>
> 2. Condition of Probation "The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" as directed by the Court or probation officer" in that

Paragraph 2 in this probation revocation report abruptly ends after the words "in that." Thus, the allegation is certainly incomplete in the sense that it is not a complete sentence. But our case law does not require the revocation notice to be completely grammatical; it need only contain sufficient information to permit Patin to prepare a defense for her hearing. *See Hubbard,* 198 N.C. App. at 158, 678 S.E.2d at 393. Here, the report alleged that Patin violated her probation by failing to pay the "'Total Amount Due' as directed by the Court or probation officer." This statement is sufficient to permit Patin to prepare a defense to the allegation and to prevent Patin from being subjected to a second violation hearing for the same alleged act.

## III. Revocation of Patin's Probation

Finally, Patin argues that the trial court erred in revoking her probation because the State presented no evidence that she actually was "in arrears on her court indebtedness." With respect to the violation report in Case No. 12 CRS 5176, described above, we are constrained to agree. We therefore vacate and remand Patin's probation revocation in that case. However, we affirm the probation revocation in Case No. 12 CRS 50514.

Under the Justice Reinvestment Act, a court ordinarily may revoke a defendant's probation only if she commits a new crime or absconds. N.C. Gen. Stat. § 15A-1344(a) (2013). If a defendant violates a condition of probation other than a new crime or absconding, "the court may impose a period of confinement of 90

consecutive days." N.C. Gen. Stat. § 15A-1344(d2). But after imposition of two separate 90-day periods of confinement under § 15A-1344(d2), the court may revoke a defendant's probation for violating any condition of probation. *See id.*

Here, it is undisputed that the trial court previously had imposed two separate 90-day periods of confinement for prior probation violations. Thus, if the trial court found that Patin again had violated any condition of probation, the court had the authority to revoke her probation and require that she serve her sentence.

Notably, Patin conceded that she violated a condition of her probation in both of her cases. As a condition of both terms of probation, Patin was required to be drug tested and to not test positive for illegal drugs. At the revocation hearing, Patin testified that she tested positive for marijuana, explaining that she "had a miscarriage and . . . relapsed . . . it's the first drug test I failed."

This violation, standing alone, is sufficient to permit the trial court, in its discretion, to revoke Patin's probation. *See* N.C. Gen. Stat. § 15A-1344(d2); *State v. Kornegay*, ___ N.C. App. ___, ___, 745 S.E.2d 880, 882 (2013). But the trial court also found in both cases that Patin violated a second, separate condition of probation requiring her to pay her court fees. In addition, the trial court did *not* check a box on the judgment form stating that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence," nor did the court state at the hearing that it believed each violation, standing alone,

supported revocation. As a result, this Court cannot determine whether the trial court, in its discretion, would have revoked Patin's probation based solely on the positive drug test, without also finding that Patin had failed to pay her court fees. Accordingly, we can uphold the revocation in each of Patin's two revocation cases only if we determine that *both* grounds for revocation are supported by the record.

With respect to Case No. 12 CRS 50514, we hold that the trial court's probation revocation is supported by competent evidence. A probation violation "need not be proven beyond a reasonable doubt." N.C. Gen. Stat. § 15A-1345(e); *State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000). All that is required is "that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008). "The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." *Id.*

In Case No. 12 CRS 50514, the State submitted a verified probation violation report in which the probation officer swore under oath that "the defendant is $825.00 in arrears on her court indebtedness." Our Supreme Court has held that a verified report of a state probation officer stating the alleged violations in detail is competent

evidence to support revocation. *State v. Duncan*, 270 N.C. 241, 246, 154 S.E.2d 53, 58 (1967). Thus, the verified violation report in Case No. 12 CRS 50514 was competent evidence supporting the trial court's finding that Patin violated the condition of her probation requiring her to pay her court debt.

In Case No. 12 CRS 5176, by contrast, the probation violation report did not include any information concerning the actual amount of court debt that Patin owed. To be sure, the violation report indicated that Patin violated a condition of her probation by failing to pay the amount due. But after the words "in that," which signaled that the report will provide further details of the violation, the allegations abruptly end. There is no other evidence in the record establishing the actual amount of court debt that Patin was required to pay. We are therefore constrained to hold that this probation violation is not supported by competent evidence.

As noted above, on remand the trial court may enter judgment revoking Patin's probation based solely on the finding that Patin tested positive for marijuana—a fact that Patin conceded at the revocation hearing. We vacate and remand only because we cannot determine whether the trial court, in its discretion, would have revoked Patin's probation solely on that ground, without the accompanying finding that Patin failed to pay her court debt.

## Conclusion

We affirm the trial court's judgment in Case No. 12 CRS 50514 but vacate and remand the judgment in Case No. 12 CRS 5176 for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

Judges STEELMAN and INMAN concur.

Report per Rule 30(e).